# THE COURT OF CRIMINAL APPEALS OF TEXAS ORDER ADOPTING SUMMARY SHEET

## FOR POST-CONVICTION APPLICATIONS FOR

### WRIT OF HABEAS CORPUS

83,963-02

|  |  |
|---|---|
| Ex ERICKSON, BENJAMIN | Application for Writ of Habeas Corpus from **BEXAR** County |
| (Name of Applicant) | **D379** Court |

## TRIAL COURT WRIT NO. 2015CR3807-W1

## CLERK'S SUMMARY SHEET

APPLICANT'S NAME: BENJAMIN ERICKSON
(As reflected in judgment)
OFFENSE: AGG ASSLT W/DEADLY WPN
(As reflected in judgment)
CAUSE NO: 2015CR3807
(As reflected in judgment)
PLEA: ____GUILTY_____NOT GUILTY _X_NOLO CONTENDERE
SENTENCE: 6 YEARS_____DATE: JUNE 4, 2015
(Terms of years reflected in judgment)
TRIAL DATE: JUNE 4, 2015
JUDGE'S NAME: RON RANGEL
(Judge presiding at trial)
APPEAL NO: _____
(If applicable)
CITATION TO OPINION:____S.W.3d_____
(If applicable)
HEARING HELD:____YES_____NO
(Pertaining to the application for writ of habeas corpus)
FINDINGS & CONCLUSIONS FILED:_X_YES_____NO
(Pertaining to the application for writ of habeas corpus)
RECOMMENDATION: ___GRANT___DENY_X_DISMISS
(Trial court's recommendation regarding application for writ of habeas corpus) JUDGE'S NAME: RON RANGEL
(Judge presiding over habeas corpus proceeding)
NAME OF COUNSEL IF APPLICANT IS REPRESENTED:

RECEIVED IN
COURT OF CRIMINAL APPEALS
SEP 29 2015
Abel Acosta, Clerk

This document contains some pages that are of poor quality at the time of imaging.

# NO. <u>2015CR3807-W1</u>
# WRIT INDEX

**CAPTION** .................................................................................................0

**APPLICATION FOR A WRIT OF HABEAS CORPUS SEEKING RELIEF FROM FINAL FELONY CONVICTION UNDER CODE OF CRIMINAL PROCEDURE, ARTICLE 11.07** ............................................................. 1-24
****** FILE STAMPED ON 08-10-2015 PG 1 ******

**TRUE BILL OF INDICTMENT**.....................................................................25
****** FILE STAMPED ON 04-01-2015 PG 25 ******

**CRIMINAL DOCKET SHEET**......................................................................26

**COURT'S ADMONISHMENT AND DEFENDANT'S WAIVERS AND AFFIDAVIT OF ADMONITIONS** ................................................. 27-31
****** SIGNED ON 06-04-2015 PG 30 ******

**WAIVER, CONSENT TO STIPULATION OF TESTIMONY AND STIPULATIONS**................................................................................. 32-48
****** SIGNED ON 06-04-2015 PG 35 ******

**JUDGMENT OF CONVICTION BY COURT – WAIVER OF JURY TRIAL**............. 49-50
****** SIGNED ON 06-04-2015 PG 50 ******

**ACKNOWLEDGMENT** ...........................................................................51

**STATE'S RESPONSE TO APPLICANT'S PETITION FOR WRIT OF HABEAS CORPUS**............................................................................ 52-53
****** FILE STAMPED ON 09-22-2015 PG 52 ******

**ORDER**...............................................................................................54-56
****** SIGNED ON 09-09-2015 PG 56 ******

**CERTIFICATE**.......................................................................................57

# CAPTION

THE STATE OF TEXAS     *

COUNTY OF BEXAR     *

     At a regular term of the 379TH Judicial District Court of Bexar County, Texas, begun and held at San Antonio, State of Texas, before the Honorable RON RANGEL Presiding thereof, which opened on the 1ST day of SEPTEMBER A.D., 2015, and will adjourn on the 31ST day of OCTOBER A.D., 2015, the following cause came on for trial, to-wit:

NO. 2015CR3807-W1

EX PARTE: ERICKSON, BENJAMIN

VS

THE STATE OF TEXAS

***********

Case No. 2015CR3807-W1
(The Clerk of the convicting court will fill this line in.)

FILED
____O'CLOCK____M

AUG 1 0 2015
DONNA KAY McKINNEY
District Clerk, Bexar County, Texas
BY Munica Rivera
DEPUTY

## IN THE COURT OF CRIMINAL APPEALS OF TEXAS

### APPLICATION FOR A WRIT OF HABEAS CORPUS
### SEEKING RELIEF FROM FINAL FELONY CONVICTION
### UNDER CODE OF CRIMINAL PROCEDURE, ARTICLE 11.07

NAME: BENJAMIN ERICKSON

DATE OF BIRTH: 8-1-74

PLACE OF CONFINEMENT: T.D.C. / GARZA WEST UNIT

TDCJ-CID NUMBER: 02003867 _____ SID NUMBER: _____

**(1)** This application concerns (check all that apply):

☒ a conviction ☐ parole

☐ a sentence ☐ mandatory supervision

☐ time credit ☐ out-of-time appeal or petition for discretionary review

**(2)** What district court entered the judgment of the conviction you want relief from? (Include the court number and county.)

379TH BEXAR CO.

**(3)** What was the case number in the trial court?

2015-CR-3807

**(4)** What was the name of the trial judge?

JUDGE RON RANGEL

Revised: January 1, 2014          1

**(5)** Were you represented by counsel?  If yes, provide the attorney's name:

_MARK McKAY_

**(6)** What was the date that the judgment was entered?

_6-4-2015_

**(7)** For what offense were you convicted and what was the sentence?

_AGG. ASSLT W/DEADLY WPN_

**(8)** If you were sentenced on more than one count of an indictment in the same court at the same time, what counts were you convicted of and what was the sentence in each count?

_N/A_

**(9)** What was the plea you entered? (Check one.)

☐ guilty-open plea          ☐ guilty-plea bargain
☐ not guilty               ☒ *nolo contendere*/no contest

If you entered different pleas to counts in a multi-count indictment, please explain:

**(10)** What kind of trial did you have?

☐ no jury                    ☐ jury for guilt and punishment

2

☐ jury for guilt, judge for punishment

(11)  Did you testify at trial?  If yes, at what phase of the trial did you testify?

_____ N/A _____

(12)  Did you appeal from the judgment of conviction?

☒ yes                    ☐ no

If you did appeal, answer the following questions:

(A)  What court of appeals did you appeal to? _4TH COURT OF APPEALS_

(B)  What was the case number?  _04-15-00388-CR_

(C)  Were you represented by counsel on appeal? If yes, provide the attorney's name:

_____ NO _____

(D)  What was the decision and the date of the decision? ~~????~~ DISMISSED

(13)  Did you file a petition for discretionary review in the Court of Criminal Appeals?

☐ yes                    ☒ no

If you did file a petition for discretionary review, answer the following questions:

(A)  What was the case number? _____ N/A _____

(B)  What was the decision and the date of the decision? _____ N/A _____

(14)  Have you previously filed an application for a writ of habeas corpus under Article 11.07 of the Texas Code of Criminal Procedure challenging *this conviction*?

☐ yes                    ☒ no

If you answered yes, answer the following questions:

(A)  What was the Court of Criminal Appeals' writ number? _____ N/A _____

3

**(B)** What was the decision and the date of the decision? _____N/A_____

**(C)** Please identify the reason that the current claims were not presented and could not have been presented on your previous application.

_____N/A_____

_____

_____

_____

**(15)** Do you currently have any petition or appeal pending in any other state or federal court?

☐ yes          ☒ no

If you answered yes, please provide the name of the court and the case number:

_____N/A_____

**(16)** If you are presenting a claim for time credit, have you exhausted your administrative remedies by presenting your claim to the time credit resolution system of the Texas Department of Criminal Justice? (This requirement applies to any final felony conviction, including state jail felonies)

☐ yes          ☒ no

If you answered yes, answer the following questions:

**(A)** What date did you present the claim? _____N/A_____

**(B)** Did you receive a decision and, if yes, what was the date of the decision?

_____N/A_____

If you answered no, please explain why you have not submitted your claim:

_____ _N/A_ _____

_____

_____

_____

_____

_____

(17) Beginning on page 6, state *concisely* every legal ground for your claim that you are
being unlawfully restrained, and then briefly summarize the facts supporting each
ground. You must present each ground on the form application and a brief
summary of the facts. *If your grounds and brief summary of the facts have not been
presented on the form application, the Court will not consider your grounds.*
If you have more than four grounds, use pages 14 and 15 of the form, which you
may copy as many times as needed to give you a separate page for each ground, with
each ground numbered in sequence. The recitation of the facts supporting each
ground must be no longer than the two pages provided for the ground in the form.

You may include with the form a memorandum of law if you want to present legal
authorities, but the Court will *not* consider grounds for relief set out in a
memorandum of law that were not raised on the form. The citations and argument
must be in a memorandum that complies with Texas Rule of Appellate Procedure 73
and does not exceed 15,000 words if computer-generated or 50 pages if not. If you
are challenging the validity of your conviction, please include a summary of the facts
pertaining to your offense and trial in your memorandum.

**GROUND ONE:**

## INEFFECTIVE ASSISTANCE

## OF COUNSEL

**FACTS SUPPORTING GROUND ONE:**

MY ATTORNEY OF RECORD, MR. MARK McKAY, HERE AFTER KNOWN AS "MY COUNSEL", IN THIS MATTER DID RENDER HIS ASSISTANCE INEFFECTIVE BY NOT DOING ANY PROPER RESEARCH INTO MY CASES, THERE ARE PHONE RECORDINGS FROM THE COUNTY JAIL BETWEEN MY WIFE & MYSELF ON MARCH 16TH & 18TH OF 2015 THAT SUPPORT MY CLAEM OF INNOCENSE. "MY COUNSEL" ALSO FAILED TO EXAMINE THE FORENSIC EVIDENCE, IN BOTH CASES THERE IS NO EVIDENCE SUPPORTING THE STATES CLAIM THAT A CRIME HAD BEEN COMMETTED. "MY COUNSEL" FAILED IN HIS DUTY BY NOT INFORMING THE COURT THAT MY WIFE WAS/IS USING THIS CASE TO MANIPULATE THE DIVORCE & CUSTODY CASES IN ANOTHER COURT. "MY COUNSEL

LIED ABOUT WHAT I WAS SIGNING & WHY I WAS SIGNING IT, I AM BASICALLY ILLITERATE & COULD NOT READ THE PLEA AGREEMENT, NOR UNDERSTAND IT, I HAD TO RELY ON WHAT "MY COUNSEL" SAID. MY COUNSEL GOT ADGITATED, USEING PROFANE LANGUAGE & SAYING "I NEED TO HURRY & SIGN THE (BLANKING) PLEA BEFORE MY WIFE SHOWS UP & MAKES THINGS WORSE" ECT... EVEN THOUGH I HAD MAINTAINED MY DESIRE TO GO TO TRAIL "MY COUNSEL" ADVISED ME NOT TO WITH OUT EVEN KNOWING ALL THE FACTS, "MY COUNSEL" ALSO FAILED TO ASK THE COURT FOR A MENTAL EVALUATION, I WAS DIAGNOSED WITH P.T.S.D. WHILE I WAS INCARSORATED IN BEXAR COUNTY JAIL & PLACED ON HEAVY MEDICATIONS. MY COUNSEL WAS AWARE OF THIS BUT DID NOT BRING IT TO THE ATTENTION OF THE COURT, INSTEAD MY COUNSEL KEPT PRESSURING ME TO SIGN A PLEA. AGREEMENT.

7

**GROUND TWO:**

## MEDICATION INDUCED DEMINISHED MENTAL CAPACITY

**FACTS SUPPORTING GROUND TWO:**

WHILE IN BEXAR CO. JAIL I WAS DIAGNOSED AS HAVING P.T.S.D. (POST TRAMATIC STRESS DISORDER) & WAS PLACED ON HEAVY MEDICATIONS: ZOLOFT 50 MG. ONCE A DAY, TRILEPTUL 600 MG TWICE A DAY, ELAVIL 75 MG ONCE A DAY, & PRAZOSIN 2 MG. ONCE A DAY. ON 6/4/15 I HAD BEEN ON THIS MEDICATION FOR ABOUT 2½-3 MONTHS & WAS NOT USE TO THEM, I WOULD FEEL DISCONNECTED & UNABLE TO THINK CLEARLY OR FUNCTION NORMALLY. ON 6/4/15 (MY COURT DATE) I WAS GIVEN MY EVENING MEDICATION BETWEEN 11:00 & 11:30 PM ON THE 3RD & WAS GIVEN MY MORNING MEDICATION BETWEEN 3:30 & 4:00 AM ABOUT 4 HOURS APART. BY THE TIME I GOT TO COURT I WAS OUT OF MY MIND, I WAS SEEING IN TUNNEL

8

VISION & EVERYTHING SEEMED FAR AWAY & UNREAL &
I WAS UNABLE TO MAKE AN INFORMED DECISION. "MY
COUNSEL" WAS AWARE OF MY DIAGNOSIS & THAT I WAS ON
MEDICATION, BUT INSTEAD OF ASKING THE COURT FOR A
MENTAL EVALUATION OR A POSTPONEMENT UNTIL I WAS
IN MY "RIGHT MIND" MY COUNSEL" BECAME AOGITATED &
WAS SWEARING & THREATENING ME TO SIGN THE PLEA
AGREEMENT WHILE I WAS "UNAWARE" OF WHAT WAS HAPPENING
& THEN "MY COUNSEL" "COACHED" ME THROUGH WHAT I
NEEDED TO SAY TO JUDGE RANGEL. HAD I BEEN IN MY
RIGHT STATE OF MIND I WOULD HAVE INSISTED ON
GOING TO TRIAL AS I HAD BEEN DOING. I WOULD NEVER
HAVE SIGNED THAT PLEA AGREEMENT. MY MEDICATION
HAS SINCE BEEN "ADJUSTED" & I AM NOW ABLE TO
FUNCTION NORMALLY

9

**GROUND THREE:**

_____

_____

**FACTS SUPPORTING GROUND THREE:**

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**GROUND FOUR:**

_____

_____

**FACTS SUPPORTING GROUND FOUR:**

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

12

13

**GROUND:**

_____

_____

**FACTS SUPPORTING GROUND:**

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

14

15

**WHEREFORE, APPLICANT PRAYS THAT THE COURT GRANT APPLICANT RELIEF TO WHICH HE MAY BE ENTITLED IN THIS PROCEEDING.**

## VERIFICATION

This application must be verified or it will be dismissed for non-compliance. For verification purposes, an applicant is a person filing the application on his or her own behalf. A petitioner is a person filing the application on behalf of an applicant, for example, an applicant's attorney. An inmate is a person who is in custody.

The inmate applicant must sign either the "Oath Before a Notary Public" before a notary public or the "Inmate's Declaration" without a notary public. If the inmate is represented by a licensed attorney, the attorney may sign the "Oath Before a Notary Public" as petitioner and then complete "Petitioner's Information." A non-inmate applicant must sign the "Oath Before a Notary Public" before a notary public unless he is represented by a licensed attorney, in which case the attorney may sign the verification as petitioner.

A non-inmate non-attorney petitioner must sign the "Oath Before a Notary Public" before a notary public and must also complete "Petitioner's Information." An inmate petitioner must sign either the "Oath Before a Notary Public" before a notary public or the "Inmate's Declaration" without a notary public and must also complete the appropriate "Petitioner's Information."

**OATH BEFORE A NOTARY PUBLIC**

STATE OF TEXAS

COUNTY OF _____

_____, being duly sworn, under oath says: "I am the

applicant / petitioner (circle one) in this action and know the contents of the above application for

a writ of habeas corpus and, according to my belief, the facts stated in the application are true."


_____
Signature of Applicant / Petitioner (circle one)


SUBSCRIBED AND SWORN TO BEFORE ME THIS _____ DAY OF _____,
20___.

_____
Signature of Notary Public

16

**PETITIONER'S INFORMATION**

Petitioner's printed name:_____

State bar number, if applicable: _____

Address: _____

_____

_____

Telephone: _____

Fax: _____

**INMATE'S DECLARATION**

I, _BENJAMIN ERICKSON_ , am the applicant / petitioner (circle one) and

being presently incarcerated in ___T.O.C.J___ , declare under penalty of

perjury that, according to my belief, the facts stated in the above application are true and correct.

Signed on _7-24_____ , 20_15_ .

_Benjamin Erickson_

Signature of Applicant / Petitioner (circle one)

17

## PETITIONER'S INFORMATION

Petitioner's printed name:_____

Address: _____

_____

_____

Telephone: _____

Fax: _____

Signed on _____, 20_____.

_____

**Signature of Petitioner**

## COURT OF CRIMINAL APPEALS OF TEXAS

### APPLICATION FOR A WRIT OF HABEAS CORPUS
### SEEKING RELIEF FROM FINAL FELONY CONVICTION
### UNDER CODE OF CRIMINAL PROCEDURE, ARTICLE 11.07

### INSTRUCTIONS

1. You must use the complete form, which begins on the following page, to file an application for a writ of habeas corpus seeking relief from a final felony conviction under Article 11.07 of the Code of Criminal Procedure. (This form is not for death-penalty cases, probated sentences which have not been revoked, or misdemeanors.)

2. The district clerk of the county in which you were convicted will make this form available to you, on request, without charge.

3. You must file the entire writ application form, including those sections that do not apply to you. If any pages are missing from the form, or if the questions have been renumbered or omitted, your entire application may be dismissed as non-compliant.

4. You must make a separate application on a separate form for each judgment of conviction you seek relief from. Even if the judgments were entered in the same court on the same day, you must make a separate application for each one.

5. Answer every item that applies to you on the form. Do not attach any additional pages for any item.

6. You must include all grounds for relief on the application form as provided by the instructions under item 17. You must also briefly summarize the facts of your claim on the application form as provided by the instructions under item 17. Each ground shall begin on a new page, and the recitation of the facts supporting the ground shall be no longer than the two pages provided for the claim in the form.

7. Legal citations and arguments may be made in a separate memorandum that complies with Texas Rule of Appellate Procedure 73 and does not exceed 15,000 words if computer-generated or 50 pages if not.

8. You must verify the application by signing either the Oath Before Notary Public or the Inmate's Declaration, which are at the end of this form on pages 11 and 12. You may be prosecuted and convicted for aggravated perjury if you make any false statement

of a material fact in this application.

9.      When the application is fully completed, mail the original to the district clerk of the county of conviction. Keep a copy of the application for your records.

10.     You must notify the district clerk of the county of conviction of any change in address after you have filed your application.

## MEMORANDUM 1

### IN SUPPORT OF GROUND ONE: INEFFECTIVE COUNSEL

### CASE LAW

STRICTLAND V. WASHINGTON 466 U.S. 688 (1984)
"COUNSEL MUST, TO ACT EFFECTIVELY INVESTIGATE SUFFICIENTLY."

690-691: "STRATEGIC DECISIONS BY COUNSEL ARE RESONABLE ONLY TO THE EXTENT THAT THEY ARE BASED ON ADEQUATE INVESTIGATION & KNOWLEDGE OF THE APPLICABLE LAW."

EX-PARTE POOLE 738 S.W. 2ND 285 (TEX. APP. 1987)
"IT IS FUNDIMENTAL THAT AN ATTORNEY BE AQUAINTED WITH THE LAW & THE FACTS OF THE CASE."

McMANN V. RICHARDSON 397 U.S. 759, 771 (1970)
"THE RIGHT TO THE ASSISTANCE OF COUNSEL IS GUARANTEED BY THE SIXTH & 14TH AMENDMENT TO THE UNITED STATES CONSTITUTION & ARTICLE 1, SECTION 10 OF THE TEXAS CONSTITUTION. THE RIGHT TO ASSISTANCE OF COUNSEL HAS LONG BEEN UNDERSTOOD TO INCLUDE A "RIGHT TO THE EFFECTIVE ASSISTANCE OF COUNSEL."

STRICTLAND V. WASHINGTON, SUPRA 466 U.S. (1984)
"THAT A PERSON WHO HAPPENS TO BE A LAWYER IS PRESENT AT TRIAL ALONGSIDE THE ACCUSED, HOWEVER IS NOT ENOUGH TO SATISFY THE CONSTITUTIONAL COMMAND."

# MEMORANDUM 2

IN SUPPORT OF GROUND 2: MEDICATION INDUCED
DIMINISHED MENTAL CAPACITY.

## CASE LAW

WEST LAW NO. 625.10(1) TEX 3D, CRIMINAL LAW
DEFENSES 63
"AN EXPERT APPOINTED TO EXAMINE A DEFENDANT
FOR COMPETENCY IS EXPRESSLY DIRECTED DIRECTLY BY THE
COURT TO CONSIDER & ADDRESS IN THEIR REPORT WHETHER
THE DEFENDANT IS TAKING "PSYCHOACTIVE OR OTHER
MEDICATION" & IF SO:
   A.) WHETHER THE MEDICATION IS NECESSARY
TO MAINTAIN THE DEFENDANT'S COMPETENCY, &
   B.) THE EFFECT, IF ANY, OF THE MEDICATION ON THE
DEFENDANT'S APPEARANCE, DEMEANOR, OR ABILITY TO
PARTICIPATE IN THE PROCEEDINGS.
   THIS MAKES CLEAR - ALTHOUGH INDIRECTLY - SEVERAL
SUBSTANTIVE THINGS:
   FIRST THE LEGISLATURE HAS CLEARLY REJECTED
THE POSITION THAT A DEFENDANT WHO MEETS THE
STATUTORY CRITERIA FOR COMPETENCY
BUT ONLY BECAUSE THAT DEFENDANT IS STABILIZED
ON PSYCHOACTIVE MEDICATION IS INCOMPETENT.

SECOND, THE EFFECT OF THE MEDICATION ITSELF MAY AFFECT COMPETENCY, IF, FOR EXAMPLE, MEDICATION HAS A SEDATION EFFECT THAT MAY ARTIFIALLY MASK A TESTIFYING DEFENDANT'S CREDIBILITY THAT ITSELF IS AT LEAST A FACTOR RELEVANT TO WHETHER THE DEFENDANT IS COMPETENT."

WEST LAW 62 J. 30 TEX. 30. CRIMINAL 63

GIVEN THE NATURE OF THE ISSUE IN ANY INQUIRY INTO A CRIMINAL DEFENDANT'S COMPETENCY THE TESTIMONY OF THE DEFENSE COUNSEL WILL OFTEN BE OF AT LEAST POTENTIAL SIGNIFICANCE. DEFENDANTS SEEKING TO ESTABLISH THEIR INCOMPETENCY OFTEN RELY UPON DEFENSE COUNSEL'S TESTIMONY THAT THEY ARE UNABLE TO SUFFICIENTLY UNDERSTAND THE PROCEEDINGS OR CONSULT WITH DEFENSE COUNSEL.

### CONCLUSION

MY ATTORNEY FAILED TO BRING MY RESENT DIAGNOSIS TO THE COURTS ATTENTION NOR MY MEDICATIONS THAT I WAS AT THE TIME RECENTLY PERSCRIBED & WAS BEING GIVEN TO LARGE OF A DOSE SO THAT MY JUDGMENT WAS IMPAIRED ON THE DAY OF COURT. I PRAY THE COURT TO FIND IN MY FAVOR & GRANT ME RELEIF FROM THIS SENTENCE.

DANIEL JAMES WIGGINS 2003847
C/O GARZA WEST UNIT
4250 HWY 202
BEEVILLE, TX. 78102

DISTRICT CLERKS OFFICE
CRIMINAL SECTION
101 WEST NUEVA STE. 217
SAN ANTONIO TX 78205
ATTN: 226 DISTRICT COURT

SAN ANTONIO TX
TUE 28 JUL 2015

AUG 1 0 2015
DONNA KAY M'KINNEY
District Clerk, Bexar Co., Texas
By_____

**Defendant:** BENJAMIN ERICKSON
**JN #:** 1673940-1
**CLERK'S ORIGINAL**

**Address:** 770 KIRK PL, SAN ANTONIO, TX 78226-1408

**Complainant:** BRANDON ERICKSON

**CoDefendants:**

**Offense Code/Charge:** 130116 - AGG ASSLT W/DEADLY WPN

**GJ:** 605709          **PH Court:** 379

**Court #:** 379          **SID #:** 927485          **Cause #:** **2015-CR-3807**

**Witness: State's Attorney**



FILED

_____ O'CLOCK _____ M
APR - 1 2015

DONNA KAY McKINNEY
DISTRICT CLERK
BEXAR COUNTY, TEXAS

BY _____ DEPUTY

### TRUE BILL OF INDICTMENT

IN THE NAME AND BY AUTHORITY OF THE STATE OF TEXAS, the Grand Jury of Bexar County, State of Texas, duly organized, empanelled and sworn as such at the March term, A.D., 2015, of the 227 Judicial District Court of said County, in said Court, at said term, do present in and to said Court that in the County and State aforesaid, and anterior to the presentment of this indictment:

on or about the 30th Day of January, 2015, BENJAMIN ERICKSON, hereinafter referred to as defendant, did use and exhibit a deadly weapon, NAMELY: A MOTOR VEHICLE, THAT IN THE MANNER OF ITS USE AND INTENDED USE WAS CAPABLE OF CAUSING DEATH AND SERIOUS BODILY INJURY, and defendant did intentionally, knowingly and recklessly THREATEN IMMINENT BODILY INJURY to B████ E████ hereinafter referred to as complainant, by DRIVING SAID DEADLY WEAPON AT AND IN THE DIRECTION OF THE COMPLAINANT;

AGAINST THE PEACE AND DIGNITY OF THE STATE.

Foreman of the Grand Jury



# CRIMINAL DOCKET SHEET

| FINGERPRINT | NAME OF PARTIES | ATTORNEYS | COURT REPORTER | COURT ACTIVITY |
|---|---|---|---|---|

**2015-CR-3807**
STATE OF TEXAS VS.
ERICKSON, BENJAMIN
AGG ASSLT W/DEADLY WPN !
CM007799

D379  04/01/2015
SCC: 701

TRIAL ATTORNEY

DEFENSE ATTORNEY

COURT REPORTER

COURT INTERPRETER

### OFFENSE INFORMATION

REDUCED TO LESSER OFFENSE _____

STATE PROCEEDS ON COUNT (s) _____
PARAGRAPH _____
ENHANCEMENT PARAGRAPH (s) _____

LEFT THUMBPRINT

___ JUDGE PRESIDING _____
___ NO RECOMMENDATION/ NO PLEA BARGAIN
___ PLEA BARGAIN AGREEMENT
___ ___ YRS MOS DYS (TDCJ – ID)(BDADC)(STATE JAIL)
___ $ ___ Fine $ ___ Restitution

___ Comm Supervision (Recommended)(Silent)(Opposed)

___ Def Adjudication (Recommended)(Silent)(Opposed)

___ Cases to Run Concurrent/Consecutively _____

Cases Taken into Consideration: _____

___ Non Binding Recommendations
___ ___ DYS MOS(BCADC)(STATE JAIL)(Cond of Suprvsn)
___ HRS Community Service/ ___ DYS ELM

___ Substance Abuse Treatment Facility

___ ___ YRS MOS DYS (TDCJ-ID)(BCADC)(ST JAIL)
___ $ ___ Fine $ ___ Restitution
___ Other: _____

**COURT RULING**

___ ___ YRS MOS DYS (TDCJ – (BCADC)(ST JAIL)
___ $ ___ Fine $ ___ Restitution
___ Payable to: _____
___ Affirmative Finding of a Deadly Weapon
___ S.A.I.P. (Boot Camp) ___ Shock Supervision
___ Drivers License Suspension Start Date: _____
___ End Date: _____
___ SAFPP (Comm Supervision)(Amended Comm Supv.)
___ Therapeutic Community Program
___ ___ HRS Community Service ___ DYS ELM
___ ___ DYS MOS (BCADC)(STATE JAIL)(Cond of Supv)
___ (Work)(Weekend) Release Program (Cond of Supervsn)
___ Found TRUE to Enhancement Paragraph as a Repeater
___ Found TRUE to Enhancement Paragraphs as a Habitual
___ Other: _____

**DONNA KAY McKINNEY**
BEXAR COUNTY DISTRICT CLERK

By: _____ DEPUTY

| DATE OF ENTRY | COURT ENTRIES |
|---|---|

NO APPL

04/01/15

Admonished, pleads _N/C_
Evidence sufficient. Finding of "guilt" /
Further findings. PSI waived by both
parties.

Judge Ron Rangel
379th District Court

6  TDC  + AFFDW/36  + CFB
+  cc  w/ 2015-cr-3807
nc  2015-cr-3806  + no
HOIC  w/ Elisa Erickson / B_____
E_____ / C_____ E_____



No. 2015CR3807

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE DISTRICT COURT |
| V. | § | 379TH JUDICIAL DISTRICT |
| BENJAMIN ERICKSON | § | BEXAR COUNTY, TEXAS |

## COURT'S ADMONISHMENT AND
## DEFENDANT'S WAIVERS AND AFFIDAVIT OF ADMONITIONS

**COURT'S ADMONISHMENTS:**

OFFENSE:
**AGG ASSLT W/DEADLY WPN**
DEGREE: **F2**
STATUTE: **22.02 (A) (2) PC**
~~(Repeater) (Habitual)~~

**FILED**

_____ O'CLOCK_____ M

JUN 04 2015

DONNA KAY McKINNEY
District Clerk, Bexar County, Texas
BY_____ DEPUTY

You are admonished that if convicted of a Felony the following applies:

### 1. RANGE OF PUNISHMENT

All time is served in Texas Department of Criminal Justice.

_____ 5 years to 99 years or Life: Possible fine up to $10,000

**XXX** 2 years to 20 years: Possible fine up to $10,000

_____ 2 years to 10 years: Possible fine up to $10,000 if the offense occurred on or after September 1, 1994

_____ 2 years to 10 years: Possible fine up to $10,000 or up to 1 year in a Community Correction facility (for offenses committed after August 31, 1989 but before September 1, 1994)

_____ 25 years to 99 years or Life

_____ Other _____

### 2. PLEA BARGAINING

A recommendation of the prosecuting attorney as to punishment is not binding on the Court. The Court may accept or reject any plea bargaining agreement made between the State and the Defendant. If the Court rejects the plea agreement, the Defendant shall be permitted to withdraw the plea of guilty/nolo contendere and no statement or other evidence received during such hearing on the plea of guilty/nolo contendere may be admitted against the Defendant on the issue of guilt or punishment in any subsequent criminal proceeding.

0608201S V1309P3155

If the punishment assessed does not exceed the punishment recommended by the prosecuting attorney (plea bargain), the trial court must give its permission to appeal any matter in the case except for those matters raised by written motion filed prior to trial and ruled upon by the Court. If a plea bargain is followed, this Court will not give permission to appeal.

### 3. TRIAL RIGHTS

You have a right to trial by jury, cross examination of witnesses and the right to remain silent.

### 4. CITIZENSHIP

If you are not a U.S. citizen, a plea of guilty or nolo contendere may result in deportation, exclusion from admission to this country or denial of naturalization under federal law. I have been explained these immigration consequences by my attorney.

### 5. DEFERRED ADJUDICATION

If the Court defers adjudicating your guilt and places you under community supervision, on violation of any condition you may be arrested and detained as provided by law. You are then entitled to a hearing limited to a determination by the Court of whether to proceed with an adjudication of guilt on the original charge. If, at such hearing, the Court makes the determination to proceed with an adjudication of guilt on the original charge, you may appeal such determination. After adjudication of guilt, all proceedings including the assessment of punishment and your right to appeal continue as if adjudication of guilt had not been deferred. The Court is also able to assess the full range of punishment.

You are hereby informed that, upon successful completion of deferred adjudication, you have a right to petition the court for an order of nondisclosure under Section 411.081, Government Code, unless you are ineligible because of the nature of the offense for which you are being placed on deferred adjudication or your criminal history.

### 6. SEX OFFENDER REGISTRATION PROGRAM

A plea of GUILTY or NOLO CONTENDERE that results in a conviction or placement on deferred adjudication for an offense under Chapter 62 of the Texas Code of Criminal Procedure will require you to register as a sex offender with local law enforcement officials as required by Chapter 62. You will also be required to report regularly and to obtain or maintain a Texas driver's license or certificate of identification identifying you as a sex offender. Violation of the registration and/or reporting requirements will subject you to additional criminal charges.

### DEFENDANT'S WAIVERS AND AFFIDAVIT OF ADMONITIONS

TO THE HONORABLE JUDGE OF SAID COURT:

I, BENJAMIN ERICKSON, the Defendant in this cause, having this day appeared in open court with my counsel and having been duly sworn, represent to the Court that I have received a copy of the indictment or information in this cause, that I fully understand its contents; that I know that I am charged with the felony offense of **AGG ASSLT W/DEADLY WPN** and that I waive formal arraignment and the reading of the charging instrument.

I, the Defendant, hereby enter a plea of GUILTY/NOLO CONTENDERE to this charge.

No. 2015CR3807

1. I have had my Constitutional and legal rights explained to me by my attorney, and have decided to waive my Constitutional right of trial by jury and enter this plea before the judge. I hereby request the consent and approval of the State's Attorney and of the Court to my waiver of trial by jury. I further represent to the Court as follows:

2. I am mentally competent now and was legally sane at the time that this offense was committed.

3. I have not been threatened, coerced or placed in fear by any person to induce me to enter my plea.

4. If I have a plea bargain agreement with the prosecutor, its terms are fully set forth in the attached document. I have received no promise from the prosecutor, my attorney or the Court which are not set forth in that document, and I realize that no one else would be empowered to make me any promises.

5. If I am pleading GUILTY, it is because I am guilty, and for no other reason. If my plea is one of NOLO CONTENDERE, it is because I have considered all aspects of my legal situation and discussed them with my attorney and have determined that the entry of such plea is in my own best interest.

6. If applicable, my attorney has explained to me the requirements and consequences of Chapter 62 of the Texas Code of Criminal Procedure Sex Offender Registration Program.

7. I understand the Courts admonishments as contained in this waiver.

8. I am satisfied with the advice and representation of my attorney in this case.

9. I have been explained my immigration consequences by my attorney.

BENJAMIN ERICKSON
Defendant

SWORN TO AND SUBSCRIBED TO ME THIS ____ day of JUN 0 4 2015 , 2015.

Deputy District Clerk

No. 2015CR3807

I have counseled with the Defendant in this cause and have concluded that the Defendant has a rational, as well as a factual understanding of both the charge(s) pending and this proceeding. I have explained the law regarding all waivers set forth in this document and am satisfied that in each instance the defendant has voluntarily relinquished a known right. I join in the Defendant's waiver of the right of trial by jury. If applicable, I have explained to my client the requirements and consequences of Chapter 62 of the Texas Code of Criminal Procedure Sex Offender Registration Program.

MARK JOHN MCKAY
Attorney for Defendant

I consent to and approve the jury waiver in this case.

Assistant Criminal District Attorney

I approve the jury waiver and ORDER it filed in the papers of the cause. It plainly appearing that the Defendant is mentally competent; that his waivers have been entered voluntarily, in full knowledge of his rights; that the admonishments of the Court have been understood by the Defendant; that the Defendant's plea has not been induced by improper persuasion; and that the Defendant persists in his plea. The Defendant's plea is now accepted by the Court and the balance of this document is likewise ORDERED filed among the papers of the cause.

SIGNED and ENTERED this _____ day of _JUN 0 4 2015_, 2015.

Judge Presiding
379th Judicial District

V1309P3158 0608201 5

30

## PLEA BARGAIN

I, the undersigned Defendant, together with my counsel and counsel for the State, agree that in exchange for the Defendant's agreement to plead guilty or nolo contendere, to allow the State to prove its case by means of written stipulations. The State may make recommendations regarding punishment; however, it is understood by all that even in the event the parties agree to recommend specific conditions and terms of community supervision or deferred adjudication or the length of supervision that such recommendations are not part of the formal plea agreement and are not binding on the Court. All parties understand and agree that the terms, conditions and length of supervision of community supervision or deferred adjudication are to be determined and assessed solely within the Court's discretion. It is further understood and agreed by the parties that in the event the Court assessed terms, conditions and or a length of supervision of community supervision or deferred adjudication different from those agreed to by the parties, that such difference shall not constitute grounds for setting aside the Defendant's plea in this cause. If the court grants deferred adjudication, the State does not recommend any term of years as part of the plea agreement. All parties agree that if deferred adjudication is subsequently revoked, Defendant may be sentenced to any term of years within the range of punishment provided by law for this offense.

It is mutually agreed and recommended by the parties:

_____Prosecution to proceed only on Count(s) _____Prosecution for lesser included offense of _____

_____Defendant agrees that he has been previously convicted of one/two or more felonies for enhancement under 12.42 P.C.

_____Class A Misdemeanor punishment with State jail Felony Conviction under 12.44 P.C.

**XXX** Punishment to be assessed at  6 (SIX) years

_____Fine $_____

**XXX** Affirmative Finding of Deadly Weapon or 3G offense, Defendant not eligible for supervision under CCP42.12,Sec.3

**XXX** There is no application for community supervision/deferred adjudication.

_____State will make no recommendation of Defendant's deferred adjudication/community supervision application. State reserves right to speak as to factual issues relevant to Defendant's punishment.

_____State opposes community supervision/deferred adjudication.

_____State recommends community supervision.

_____State recommends deferred adjudication.

**XXX** Concurrent with: 2015CR3805

**XXX** Causes taken into consideration: 2015CR3806

_____Restitution to be determined by the Court through the Community Supervision office or $_____

_____Payable to victim in this cause number only: _____

_____Payable to victims under: _____

**XXX** Other: **NO CONTACT WITH ELISA ERICKSON, E_____ E_____, AND C_____ E_____**

*harmful or injurous*   **WAIVER OF APPEAL**

I understand that upon my plea of guilty or nolo contendere, where the punishment does not exceed that recommended by the prosecutor and agreed to by me, my right to appeal will be limited to only: (1) those matters that were raised by written motion filed and ruled on before trial, or (2) other matters on which the trial court gives me permission to appeal. I understand that I have this limited right to appeal. However, as part of my plea bargain agreement in this case, I knowingly and voluntarily waive my right to appeal under (1) and (2) in exchange for the prosecutor's recommendation, provided that the punishment assessed by the court does not exceed our agreement. In addition, if and when I am sentenced to the Texas Department of Criminal Justice on this case, I hereby request transfer to said institution.

| _Benjamin Erikson_ | 6/4/15 | _signature_ |
|---|---|---|
| DEFENDANT | DATE | COUNSEL FOR DEFENDANT |

The above terms constitute our agreement, and there are no agreements not set forth above. The Defendant and Counsel request the Court to follow the plea bargain.

| _signature_ | _signature_ | _Benjamin Erikson_ |
|---|---|---|
| ASSISTANT DISTRICT ATTORNEY | ATTORNEY FOR DEFENDANT | DEFENDANT |
| 24052993 | | |

NOTE: The parties are not allowed to make binding agreements regarding the length of community supervision or the terms and conditions of community supervision, which are totally dependent upon the Court's discretion. The following recommendations do not constitute part of the formal plea agreement. However, the (State) (both parties) make the following non-binding recommendations:

_____Community Supervision be granted for_____ years

_____Treatment Alternative to Incarceration Program          _____Days in Bexar County Jail or State Jail (circle one)

_____Hours Community Service          _____Substance abuse treatment facility

_____Days Electronic Monitoring          _____Zero Tolerance Bootcamp or State Bootcamp Program (circle one)

_____No contact with _____

Other Punishment recommendations: _____

_____

_____

31



NO. 2015CR3807

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE DISTRICT COURT |
| V. | § | 379TH JUDICIAL DISTRICT |
| | | F I L E D |
| BENJAMIN ERICKSON | § | BEXAR COUNTY, TEXAS. ___ M. |

JUN 0 4 2015

DONNA KAY M'KINNEY
District Clerk, Bexar County, Texas
BY_____
DEPUTY

## WAIVER, CONSENT TO STIPULATION OF TESTIMONY AND STIPULATIONS

The Defendant in this cause, being sworn and having read the indictment or had it read

to him, advises the Court that he fully understands the charge which is pending against him, and

Counsel for the Defendant has explained the Federal and State Constitutional and legal rights

possessed by a criminal defendant, including the procedural rights and safeguards afforded by

the laws of the State of Texas.

In particular, Counsel has explained and the Defendant understands the privilege

against self-incrimination and the confrontation and cross-examination of the witnesses.

Understanding all these rights, the Defendant knowingly and voluntarily agrees to waive

each such right and consents to waive the appearance, confrontation and cross-examination of

witnesses against the Defendant, including all statements and information contained within the

pre-sentence investigation report; further, the Defendant and his Counsel agree with the

Attorney for the State to the introduction of evidence on behalf of the State by affidavits, written

statements of witnesses, police reports, laboratory reports and any other documentary evidence

which is attached, marked Exhibit Nos. **SX1** inclusive, all of which are by this reference made a

part of this document. The Defendant, his Counsel and the State's Attorney agree that this

evidence is true and correct, that the Defendant is the person referred to by the witness in the

attached documents, that if the witnesses testified they would identify the Defendant as the

person of whom they speak, and that this document and its attachments may be considered as

a part of the Statement of Facts in this case.

SX1

I, BENJAMIN ERICKSON, do hereby judicially confess and admit, that I intentionally and knowingly, in Bexar County, Texas, on or about the 30th Day of January, 2015, BENJAMIN ERICKSON, hereinafter referred to as defendant, did use and exhibit a deadly weapon, NAMELY: A MOTOR VEHICLE, THAT IN THE MANNER OF ITS USE AND INTENDED USE WAS CAPABLE OF CAUSING DEATH AND SERIOUS BODILY INJURY, and defendant did intentionally, knowingly and recklessly THREATEN IMMINENT BODILY INJURY to B▓▓▓▓▓ E▓▓▓▓▓ hereinafter referred to as complainant, by DRIVING SAID DEADLY WEAPON AT AND IN THE DIRECTION OF THE COMPLAINANT;

The Defendant and his Counsel further agree with the State's Attorney that the Defendant is the person named in the indictment AND, that all of the acts alleged therein occurred in Bexar County, Texas, and that the allegations are true and correct.


**BENJAMIN ERICKSON**
Defendant

**MARK JOHN MCKAY**
Attorney for Defendant

**Assistant Criminal District Attorney**

17

33

BENJAMIN ERICKSON, known to me to be the Defendant in the above styled and numbered cause, who, being by me duly sworn, acknowledged that he read or had read to him the foregoing waiver, consent to stipulation of testimony and stipulations, that he fully understands the document, that the recitations of fact in the document are true and correct, that the signature which follows is the Defendant's signature, and that the signature was voluntarily given.

### OATH

I hereby solemnly swear or affirm that I shall tell the truth the whole truth and nothing but the truth in response to all questions propounded to me by the Court or attorneys representing the State and defense during proceedings in this cause, so help me God.

_Benjamin Erickson_
BENJAMIN ERICKSON
Defendant

SWORN TO BEFORE ME THIS _____ DAY OF __JUN 0 4 2015__ , 2015.

DONNA KAY McKINNEY
CLERK OF THE DISTRICT COURTS
OF BEXAR COUNTY

BY: _Yvette Pulido_
DEPUTY DISTRICT CLERK

18

34

CERTIFICATE OF DEFENSE COUNSEL

I am a duly licensed member of the State Bar of Texas. I certify that I have fully explained the rights secured to a Defendant by the Federal and State Constitutions, including the right to be free from self-incrimination, the right to compulsory process, and the rights of confrontation and cross-examination of witnesses. Further, I have discussed the procedural rights and safeguards afforded a criminal defendant by the laws of the State of Texas. Additionally, I have read this Waiver, Consent to Stipulation of Testimony and Stipulations and the attached exhibits and gone over them carefully with the Defendant. It appears to me that the Defendant fully understands these rights and has intelligently and voluntarily waived these rights and entered into these agreements after due deliberation, and so his waivers and agreements are entered into with my advice and consent.

_____
MARK JOHN MCKAY
Attorney for Defendant

APPROVAL OF TRIAL JUDGE

The Defendant having signed the Waiver, Consent to Stipulation of Testimony and Stipulations in open Court and under oath, the Court questioned both the Defendant and his Counsel and thereby became satisfied that the Defendant understands the rights which have been waived and therefore can be truly said to have voluntarily relinquished known rights. The Waiver, Consent to Stipulation of Testimony and Stipulations are approved and ORDERED filed in the papers of the cause. JUN 04 2015

Signed this _____ day of _____, 2015.

_____
Judge Presiding
379th Judicial District Court

19

| CHARGE AND DISPOSITION REPORT (CONFIDENTIAL INFORMATION) | BEXAR COUNTY SHERIFF'S OFFICE | | ASSSIGNMENT NO. 2015-004148 | |
|---|---|---|---|---|

| 3. LAST NAME OF DEFENDANT - FIRST-MIDDL ERICKSON, BENJAMIN | 4. RACE-SEX-AGE W - M - 41 YRS | DATE OF BIRTH 03-01-74 | 4. S.I.D. 927485 | 5. ADDRESS OF DEFENDANT 770 KIRK SAN ANTONIO, TEXAS 78226 | 6. B.C.S.O. |
|---|---|---|---|---|---|

| 7. CHARGE AGG ASSAULT/DEADLY WEAPON | OFF/BKG CODE 130116 | 8. ARRESTED BY J. GARCIA #3052 | 9. DETECTIVE A. LOPEZ #1624 | |
|---|---|---|---|---|

| 10. COMPLAINANT'S NAME ELISA ERICKSON | 11. ADDRESS OF COMPLAINANT 7219 ARCHERS GROVE SAN ANTONIO, TEXAS 78244 | 12. COMPLAINANT'S PHONE NUMBER 210-238-8163 | 13. PROPERTY TAG # / S |
|---|---|---|---|

| 14. WITNESS | 15. ADDRESS OF WITNESS | 16. WITNESS' PHONE NUMBER |
|---|---|---|

17. TYPE AND NUMBER OF REPORTS SUBMITTED TO DISTRICT ATTORNEY

## SEE TABLE OF CONTENTS

| 18. DETECTIVE MAKING REPORT-BADGE NO. A. LOPEZ #1624 | 19. TIME AND DATE OF THIS REPORT 10:00 AM 3-30-15 MAR 3 0 2015 | 20. APPROVING AUTHORITY SGT. R. MILAM #460 | 21. UNIT ASSIGNED VIOLENT CRIMES |
|---|---|---|---|

| 22. RECEIVED BY D.A. OFFICE | 23. TIME AND DATE RECEIVED | 24. D.A. CASE NO.-REMARKS |
|---|---|---|

DISTRICT ATTORNEY TO COMPLETE THE FOLLOWING AND RETURN TO SHERIFF'S OFFICE * (SEE BELOW)

| 25. MISDEMEANOR ☐ 26. FELONY ☐ | 27. GRAND JURY NO. | 28. DISTRICT CT. NO. | 29. COUNTY CT. NO. | 30. BILLED ☐ 31. CHARGED ☐ | NO-BILLED ☐ NO-CHARGES ☐ |
|---|---|---|---|---|---|

| 32. NOT GUILTY ☐ GUILTY ☐ | DISMISSED ☐ | 33. FINED (AMOUNT) | 34. SENTENCED (TERM AND LOCATION) |
|---|---|---|---|

| 35. DISTRICT ATTORNEY MAKING REPORT | 36. TIME AND DATE OF THIS REPORT | 37. REMARKS |
|---|---|---|

**DA SCANNED**

MAR 3 1 2015

| TO: | RETURN: |
|---|---|

FJ        #2

20

36



# Bexar County Sheriff's Office
## Susan Pamerleau, Sheriff
### Criminal Investigation Division

# CRIMINAL CASE DOCUMENTS ENCLOSED

**OFFENSE:** AGGRAVATED ASSAULT/DEADLY WEAPON
**BCSO CASE:** 2015-004148

1. Charge and Disposition
2. Table of Contents
3. BCSO Cover Sheet
4. Detective's Summary
5. Dispatch Key Card
6. BCSO Offense Report
7. Complainant's Statement Information Supplement
8. Affidavit For Arrest Warrant
9. Supplementary Report of Detective A. Menchaca #4015
10. Magistrate's Order For Emergency Protection
11. All Defendant's Master Name File Database Information
12. All Defendant's Criminal History
13. (1) DVD of Complainant's Video Statement
14. (1) DVD of Photographs of Complainant's Vehicle and Defendant's Vehicle

**Detective Submitting Case:** A. Lopez #1624

# Bexar County Sheriff's Office

## Susan Pamerleau, Sheriff

### Criminal Investigations Division




## DETECTIVE A. LOPEZ #1624

### AGGRAVATED ASSAULT/DEADLY WEAPON

### CASE NUMBER 2015-004148



# SUPPLEMENTARY REPORT
## ·Criminal Investigations Division

Reporting Investigator *(Name & ID)*:  A. Lopez #1624

| Offense / Incident | Section Assigned | District |
|---|---|---|
| Agg Assault/Deadly Weapon | VIOLENT CRIMES | 40 |
| Place of Occurrence – *Address, Block or Intersection* | Date & Time of Offense / Incident | Date of this Report |
| Walzem and FM 78 | 1-30-15   1930 | 2-3-15 |

| Complainant – *Last, First M* | Address (Include City, State and Zip) | | |
|---|---|---|---|
| Erickson, Elisa | 7219 Archers Grove San Antonio, Texas 78244 | | |
| DL / ID / SSN – *Number, state* | Date of Birth | Home Phone *(Include area)* | Work/Other *(Include area)* |
| ▮▮▮▮ | 10-8-73 | 210-818-0712 | |

| Case Status | Modus Operandi (MO) |
|---|---|
| Investigative Supplement | |

Additional Details of Offense –  Progress of Investigation –  Disposition of Evidence, Property, etc.

### Complainant:
Elisa Erickson
7219 Archers Grove
San Antonio, Texas 78244
(210) 238-8163

### Reporting Officer:
Deputy L. Brumit #1058
Bexar County Sheriff's Office
200 N Comal
San Antonio, Texas 78207
210-335-6000
<u>PATROL DIVISION</u>

### Detective Assigned:
A. Lopez #1624
Bexar County Sheriff's Office
200 N Comal
San Antonio, Texas
210-335-6076
<u>alice.lopez@bexar.org</u>
<u>VIOLENT CRIMES</u>

### Defendant:
Benjamin Erickson
W-M 08-01-74
770 Kirk Place
San Antonio, Texas  78226
SID# 927485
BCSO# 0463488   FBI# 454659WA9

| Submitting Investigator's Signature | BEXAR COUNTY SHERIFF'S OFFICE<br>200 North Comal<br>San Antonio, Texas 78207-3505 | <u>Page 1 of 4</u> |
|---|---|---|

FORM 350-250 (09/2004)

23

39

## SUMMARY

On January 30th, 2015, Deputy L. Brumit #1058 was dispatched to a disturbance at Jack in the Box which is located at 7720 FM 78. Deputy Brumit made contact with Elisa Erickson; hereinafter to be referred to as the **complainant**. Deputy Brumit states the complainant was extremely upset, shaking and crying. The complainant explained she got into an argument with her ex-husband Benjamin Erickson; hereinafter to be referred to as the **defendant** at her residence. The complainant said she the defendant wanted to go to the store with her and their two small children. The complainant told the defendant she did not want to go to the store with him because he was highly intoxicated. The defendant became very upset and the complainant left her residence with her two small children who were seated in the back seat of her vehicle a 2006 Mercedes Benz bearing TXLP: CLD2088. The complainant said the defendant then got into his vehicle a 1998 Ford F-150 bearing TXLP: DPS0453 and followed the complainant to Walzem Rd.

The complainant explained the defendant attempted to ram her vehicle several times from behind. The defendant was unsuccessful at first because the complainant kept speeding up to attempt to get away from the defendant. The complainant was in the left lane on Walzem Rd. going toward FM 78 when the defendant pulled up alongside of her moving vehicle (on the right) and the defendant rammed his vehicle into the complainants making contact with the right passenger' s side rear. The complainant said the defendant attempted several more times to intentionally swerve into her vehicle while moving. The complainant believes that the defendant was attempting to force her into oncoming traffic and she was in fear for her life and the lives of her two children that were seated in the back seat of her vehicle. The complainant refused medical treatment and Deputy Brumit notified me of the situation.

I arrived at the Jack in the Box and made contact with the complainant and her two children. I spoke with her briefly and she explained that she was in fear of the defendant. The complainant repeatedly asked me if we' re going to find the defendant and arrest him. The complainant stated

24

40

she does not know what to do because the defendant is aware that she called the police and he is going to more upset with her. This is not the first time the defendant has assaulted her and got away. The complainant fears he will come back to her house later in the night and assault her.

We relocated back to C.I.D. which is located at 200 N. Comal and it was now midnight with the date of January 31, 2015. I took a video statement of the complainant and the statement the complainant gave Deputy Brumit was consistent to the formal statement she gave me. The complainant did add that the she is legally divorced from the defendant because she was a victim of domestic violence which usually occurred when the defendant was intoxicated. The complainant still communicates with the defendant because of their children. When she longer wanted to go to the store with him today he began yelling and accused her of cheating as her two children sat in the back seat of her vehicle. At this point the complainant knew she had to leave because the defendant would assault her like he has in the past.

As she pulled out of her drive way, she motioned to the defendant that she was calling the police by holding her cell phone up towards her driver side window to let him know she was calling the police. This did not stop the defendant from following her in and out of traffic with his vehicle. The complainant did not know if the defendant wanted to stop her or have her vehicle swerve into oncoming traffic. The complainant said the defendant did ram his vehicle into hers several times about a half of mile before she got to the intersection of Walzem Rd and FM 78. This is where she noticed a marked Bexar County patrol vehicle at the intersection of Walzem Rd and FM 78. The complainant immediately began honking her horn to get the attention of the Deputy or anyone else who could help her. The complainant thinks the defendant also saw the marked Bexar County patrol unit and this scared the defendant into leaving the area. The complainant said she pulled into the Jack in the Box parking lot and waited a few minutes because she was " shaken" and her knees were " jelly" because she really thought she was going to have an accident. Then she called the police for assistance.

25

41

The complainant did sign a Declaration of Complainant wanting to pursue charges against the defendant. I typed an Affidavit of Arrest for Aggravated Assault/Deadly Weapon against the defendant which was signed by Judge Lori Crockett. This same day the defendant was arrested and his vehicle was towed to C.I.D. for processing. Detective A. Menchaca #4016 filed an emergency protective order on behalf of the complainant and her two children. Crime Scene Deputy C. Anderson #4142 took photographs of the complainant's vehicle and defendant's vehicle.

This case will be filed for with the District Attorney's Office for review.

26

42

| PC ☐ ☐ TRC ☐ | (1) Weather Conditions at Time of Off. | (2) Case Number |
|---|---|---|
| PC: 22.02, 22.041 | Warm Cool Dry Wet Unknown | 2015-BCSO-004148 |

| (3) Offense/Event AGGRAVATED ASSAULT AND ENDANGERING A CHILD | (4) Location of Offense (Number, Street, Apt., Number) WALZEM AND FM 78 | (5) District A40 |
|---|---|---|

| (6) Dates of Occurrence (MM/DD/YY) | (7) Hours of Occurrence | (8) Reporting Officer (Name/Badge) Signature | Reporting Date |
|---|---|---|---|
| 01/30/2015 | 1958 | BRUMIT, L #1058 | 01/30/2015 |

| (9) Firm Name | Address | Phone | (10) Approving Authority (Name, Badge, Date) |
|---|---|---|---|

| (11) Code | C - Complainant W - Witness | R - Reporting Person O - Guardian/Parent | M - Manager/Owner O - Other | | D - Day N - Night B - Both |
|---|---|---|---|---|---|

| Code | Name (Last, First, MI) | Title | Race - Sex - DOB | Best Address | Phone | |
|---|---|---|---|---|---|---|
| C | ERICKSON, ELISA | EX-WIFE OF SP | W/F 10/08/73 | Res. 7219 ARCHERS GROVE Bus. | 210-818-0712 | D |
| O1 | SGT. GONZALES #250 | | | Res. Bus. 200 N COMAL | 210-335-6000 | B |
| O2 | DETECTIVE LOPEZ #1624 | | | Res. Bus. 200 N COMAL | 210-335-6000 | B |
| O3 | JUVENILE SEE YELLOW | | | Res. Bus. | | |
| O4 | JUVENILE SEE YELLOW | | | Res. Bus. | | |

| INJ. PER. | Code | (12) Victim Taken to | (13) Transported By | (14) Describe Injuries | (15) Condition |
|---|---|---|---|---|---|

| CODES | S - Stolen | D - Damaged | L - Lost | F - Found | R - Recovered | E - Evidence |
|---|---|---|---|---|---|---|

**Property Section**

| Code | Description (Brand/Make) | Article | Model/Caliber/color | Serial Number | OAN Number | Estimated Value |
|---|---|---|---|---|---|---|
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |

| (16) Property Tag Number | (17) Property Receipt Made (Circle One) ☐ Yes ☒ No | (18) Photograph Taken ☐ Yes ☒ No | (19) OAN spilled is (TYPE) DL SSN DOB OTHER | (20) Total Stolen Value |
|---|---|---|---|---|

| (21) Size of Property Taken Was (Circle One) Concealable Hand Carried Needed Assistance | (22) Obvious Property Not Taken Personal Accessories Jewelry Money Furs Guns Radio/TV/Stereo Other |
|---|---|

**Vehicle / Bicycle Information**

| (23) ☐ Stolen ☐ Crim. Misch. ☐ Burg Vehicle ☐ Unauth. Use ☐ Access. Theft ☐ Theft-LP | License Number CLD2088 | State /YR/Type TF/15/PS | Year 2006 | Make MERC | Model ML350 | Style SUV | VIN 4JGBB86E06A020560 | | |
|---|---|---|---|---|---|---|---|---|---|
| | Bicycle Serial Number | | Make | | Model | | Type Frame | Type Brake | Wheel Size | Speed |

| (24) Color 1 (Solid or Top) 1 Color 2 | (25) Special Vehicle Features (Circle Number Below) |
|---|---|

| 1 BEIGE 7 BROWN 13 GREEN 19 SILVER 2 BLACK 8 COPPER 14 GREEN/DARK 20 TAN 3 BLUE/LIGHT 9 CREAM 15 MAROON 21 TURQUOISE 4 BLUE 10 GOLD 16 ORANGE 22 WHITE 5 BLUE/DARK 11 GRAY 17 PINK 23 YELLOW 6 BRONZE 12 GREEN/LIGHT 18 RED 24 OTHER | 1. LEVEL ALTERED 2. STICKER/DECAL 3. STICKER/DECAL ON WINDOW 4. RUST OR PRIMER ON BODY/BUMPER | 5. WINDOW BROKEN 6. DECORATIVE PAINT 7. MISSING PARTS 8. LOUD MUFFLERS 9. DAMAGE TO FRONT 10. DAMAGE TO REAR | 11. DAMAGE TO SIDE 12. PAINTED INSCRIPTION ON BODY 13. VINYL TOP 14. DOOR PANELS REMOVED 15. TORN SEAT(S)/HEADLINER | 16. CAMPER TOP 17. SPECIAL WHEELS/TIRES (MAGS, WIDE TIRES, ETC.) 18. EXTRA ANTENNA(S)/MIRRORS 19. CB HANDLE/CALL NUMBERS 20. OTHER |
|---|---|---|---|---|

| (26) Further Vehicle/Bicycle Description |
|---|

| (27) Insurance Company | Policy Number | (28) Value of Vehicle/Bicycle $ | (29) Vehicle/Bicycle Insured? Yes No |
|---|---|---|---|

Bexar County Sheriff's Office        BCSO Form

Case Number: **2015-BCSO-004148**

**(30) Type Premises**

| | | | |
|---|---|---|---|
| 1. Single Family House | 5. Chain/Convenience Store | 10. Bank/Savings & Loan | 15. Street/Roadway |
| 2. Apartment | 6. Liquor Store | 11. Finance Company | 16. School/Public Building |
| 3. Hotel/Motel | 7. Gas/Service Station | 12. Other Commercial House | 17. Park |
| 4. Other Residential | 8. Other Retail Sales | 13. Car/Bus/Truck | 18. Parking Lot |
| | 9. Bar/Lounge | 14. Office | 19. Other |

**CRIME AGAINST PROPERTY M. O.**

**(31) Direction**

Entry Only
1. North
2. South
3. East
4. West

**(32) Location**

Entry Only
1. Front
2. Right Side
3. Left Side
4. Rear

**(33) Entry / Exit Description**

Point of Entry/Exit
1 / 1  Door
2 / 2  Window
3 / 3  Wall
4 / 4  Garage
5 / 5  Fence
6 / 6  Roof
7 / 7  Floor
8 / 8  Skylight
9 / 9  Fire Escape
10/10  Duct/Vent
11/11  Sliding Glass Door
12/12  Adjacent Building

13/13 Unknown
14/14 Other
15/15 N/A
(Burglary M.V.)
Entry Only
16. Vent Window
17. Door Window
18. Door
19. Hood
20. Trunk
21. Windshield/Back Glass

**(34) Method of Entry**

1. Pried
2. Broke
3. Cut
4. Chop/Pound
5. Remove
6. Concealment
7. Threats
8. Fraud
9. Attempt Only
10. Unlocked
11. Open For Trade
12. Unknown
13. Other
14. N/A

**(35) Instrument/Tool Used for Entry**

1. Blackjack/Club
2. Bodily Force
3. Bolt Cutter
4. Chan. Lock/Vice Grips
5. Coat Hanger/Wire
6. Cutting Torch
7. Drill
8. Explosives/Chemicals
9. Glass Cutter
10. Gun (Describe)
11. Key/Pick/Plastic
12. Knife
13. Lock-Puller
14. Pliers
15. Pry Bar
16. Rock/Brick
17. Screwdriver
18. Unknown
19. Other
20. N/A

**(36) Suspects Actions**

1. Ate/Drank on Premises
2. Attempt Defeat/ Defeated Alarm
3. Crime not Complete
4. Crime Skillfully Done
5. Knew Location of Hidden Valuable
6. Malicious Destruction
7. Removed Prints/Gloves
8. Tripped Alarm/Returned Later
9. Turned Lights on/off
10. Used Tools Found at Scene
11. Other
12. N/A

**(37) Complainant Was**

1. At Funeral/Church/Wedding
2. At Home
3. At Work/School
4. Absent (Ad In Paper)
5. Moving
6. Out of Town
7. Place of Entertainment
8. Present
9. Shopping
10. Other
11. N/A

**(38) Crime Elements**

1. Alarm Inoperative
2. Victim of Similar Crime
3. Object of Attack - Abandoned or Under Construction
4. N/A

**FORGERY AND CREDIT CARD ABUSE**

**(39) Document Type**

1. Personal Check
2. Payroll Check
3. Money Order
4. Traveler's Check
5. Credit Card
6. Counterfeit Check
7. Counterfeit Currency
8. Other

**(40) I.D. Presented**

1. Drivers License _____
2. Social Security _____
3. Credit Card _____
4. Other _____

(41) Account No: _____ (Check or Credit Card)
(42) Check No: _____
(43) Name of Bank: _____
(44) Name of Payee: _____ (Pay to the order of)

**(41) Explain "Other" Responses by Box Number**

**(42) List Significant M.O. by Box Number**   1.   2.   3.   4.   5.

**(43) Details of the Offense/Event**

I was dispatched to the listed location for a disturbance call. Upon my arrival I made contact with C who was extremely upset, shaking and crying. C advised that while at her listed residence she had a verbal argument with SP over him being intoxicated. SP wanted to go the store with C, O3 and O4 to pick up items for O3 and O4. C advised that she told SP that she did not want SP to go to the store due to him being extremely intoxicated. C stated that SP became very upset and she left her listed residence with O3 and O4 in the back seat of her listed vehicle. C advised that SP got into his listed vehicle and followed C onto Walzem Rd. C stated that SP attempted to ram her vehicle with his vehicle from behind. C advised that SP was unsuccessful because she kept speeding up to attempt to get away from SP. C stated that she was in the left lane on Walzem going toward FM 78 when SP pulled up alongside of her moving vehicle (on the right) and rammed his vehicle into C's making contact with the right (passenger's) side rear. C advised that SP attempted several more times to intentionally swerve into her vehicle while moving. C believes that SP was attempting to force her into oncoming traffic. C stated that she was in fear for her life and for the lives of her two children (O3 and O4) that were in the back seat of C's car. C denied medical care at the scene and no injuries were reported or observed at that time. C was however, clearly upset and crying because of the incident. I contacted O1 and O2. O2 made location and conducted her investigation. C was given a case number and instructions for follow up. C was also given Victim's advocate information.

(V. T. C. S.)
Yes - Victim Notified of Provision of Victim Compensation Act (Art. 8309
No - (Explain in Details)
Check One

| Officers Signature | Badge #<br>1058 | Date<br>January 30, 2015 | Time<br>2100 | Supplement Attached ☒ |
|---|---|---|---|---|

44

| OFFENSE CONTINUATION ☒ | BEXAR COUNTY SHERIFF'S OFFICE | FIELD INTERVIEW ☐ |
|---|---|---|
| RECOVERED VEHICLE ☐ | | |

| LOCATION: WALZEM AND FM 78 | DATE / TIME: 01/30/2015  1958 | OFFICER: BRUMIT, L #1058 | (48) CASE NO.: 2015-BCSO-004148 |
|---|---|---|---|

(49) CODES: SP - SUSPECTED PERSON   AP - ARRESTED PERSON   WP - WANTED PERSON   MP - MISSING PERSON   FC - FIELD CONTACT

| CODE | NAME (LAST, FIRST MIDDLE) | | R | S | AGE OR DOB | | | HEIGHT | WEIGHT | HAIR | EYES |
|---|---|---|---|---|---|---|---|---|---|---|---|
| SP | ERICKSON, BENJAMIN | (EX HUSBAND) | W | M | 08 | 01 | 73 | 600 | 150 | BRN | BRN |
| | ADDRESS: FRIO CITY RD AND ZARZAMORA | (UNKNOWN) | ALIAS: SSN 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 | | CHARGES | | | | | | |
| O3 | E___, C___ | | W | F | ███ | | 08 | 310 | 65 | BRN | BRN |
| | ADDRESS: 7219 ARCHERS GROVE | | ALIAS | | CHARGES | | | | | | |
| O4 | B___ | E___ | W | M | ███ | | 05 | 406 | 100 | BRN | BRN |
| | ADDRESS: 7219 ARCHERS GROVE | | ALIAS | | CHARGES | | | | | | |

**SUBJECT'S PERSONAL DESCRIPTIONS**

| (50) HAIR LENGTH: SUBJECT NO. 1 2 3 | (51) HAIR STYLE: SUBJECT NO. 1 2 3 | (52) FACIAL HAIR: SUBJECT NO. 1 2 3 | (53) SPEECH MANNER: SUBJECT NO. 1 2 3 | (54) SPEECH CHARACTERISTIC: SUBJECT NO. 1 2 3 |
|---|---|---|---|---|
| 1 1 1 SHOULDER | 1 1 1 AFRO | 1 1 1 FULL BEARD | 1 1 1 PROFANE/ABUSIVE | 1 1 1 ACCENT |
| 2 2 2 COLLAR | 2 2 2 WAVY | 2 2 2 GOATEE | 2 2 2 SOFT/POLITE | 2 2 2 STUTTER |
| 3 3 3 EAR TOP | 3 3 3 SHAG | 3 3 3 MUSTACHE | 3 3 3 APOLOGETIC | 3 3 3 DEEP/RASPY |
| 4 4 4 SHORT | 4 4 4 STRAIGHT | 4 4 4 SIDEBURNS (UNUSUAL) | 4 4 4 ARTICULATE | 4 4 4 HIGH/FEMININE |
| 5 5 5 BALD/BALDING | 5 5 5 BRAIDED | 5 5 5 OTHER | 5 5 5 BAD GRAMMAR | 5 5 5 LISP |
| 6 6 6 OTHER | 6 6 6 PONYTAIL | | 6 6 6 OTHER | 6 6 6 SLURRED |
| | 7 7 7 OTHER | | | 7 7 7 OTHER |

| (55) GENERAL APPEARANCE: SUBJECT NO. 1 2 3 | (56) TATTOO DESCRIPTION: SUBJECT NO. 1 2 3 | TATTOO LOCATION: SUBJECT NO. -1- -2- -3- | (57) SCARS-BIRTHMARKS SUBJECT NO. 1 2 3 | (58) DEFORMITY: SUBJECT NO. 1 2 3 | (59) COMPLEXION: SUBJECT NO. 1 2 3 |
|---|---|---|---|---|---|
| 1 1 1 NEATLY DRESSED | 1 1 1 PICTURE(S) | | 1 1 1 HEAD | 1 1 1 HEAD | 1 1 1 LIGHT |
| 2 2 2 WELL DRESSED | 2 2 2 NAME(S) | | 2 2 2 EAR | 2 2 2 EAR | 2 2 2 MEDIUM |
| 3 3 3 DIRTY/RAGGED | 3 3 3 INITIAL(S) | | 3 3 3 NOSE | 3 3 3 NOSE | 3 3 3 DARK |
| 4 4 4 UNIFORMED | 4 4 4 WORD(S) | | 4 4 4 NECK | 4 4 4 NECK | 4 4 4 ACNE |
| 5 5 5 UNUSUAL JEWELRY | 5 5 5 SYMBOL(S) | | 5 5 5 BODY | 5 5 5 BODY | 5 5 5 FRECKLED |
| 6 6 6 MODERN/UNUSUAL | 6 6 6 OTHER | | 6 6 6 ARM | 6 6 6 ARM | 6 6 6 RUDDY |
| 7 7 7 DRESSED AS OPPOSITE SEX | | | 7 7 7 HAND | 7 7 7 HAND | 7 7 7 OTHER |
| 8 8 8 OTHER | | | 8 8 8 FINGER | 8 8 8 FINGER | |
| | | | 9 9 9 LEG | 9 9 9 LEG | |
| | | | 0 0 0 OTHER | 0 0 0 OTHER | |

| (60) TEETH: SUBJECT NO. 1 2 3 | (61) EYES: SUBJECT NO. 1 2 3 | (62) RIGHT-LEFT HANDED: SUBJECT NO. 1 2 3 | (64) SUBJECT WORE: SUBJECT NO. 1 2 3 | (65) DESCRIPTION RELIABILITY: SUBJECT NO. 1 2 3 | BEXAR COUNTY SHERIFF'S OFFICE |
|---|---|---|---|---|---|
| 1 1 1 GOLD DESIGN | 1 1 1 MISSING | 1 1 1 RIGHT | 1 1 1 SKI MASK | 1 1 1 EXCELLENT | BCSO Form No.154 |
| 2 2 2 SILVER DESIGN | 2 2 2 CROSSED | 2 2 2 LEFT | 2 2 2 STOCKING MASK | 2 2 2 GOOD | "Offense Report" |
| 3 3 3 MISSING/GAPS | 3 3 3 BULGING | 3 3 3 BOTH | 3 3 3 CAP/HAT OR HEAD BAND | 3 3 3 POOR | |
| 4 4 4 PROTRUDE/ OVERBITE | 4 4 4 SQUINT | | 4 4 4 COAT/JACKET | (66) OUTSTANDING DESCRIPTION BOXES: | |
| | 5 5 5 AFFLICTED EYE | (63) BUILD: SUBJECT NO. 1 2 3 | 5 5 5 WIG | SUBJECT NO. 1 / SUBJECT NO. 2 / SUBJECT NO. 3 | |
| 5 5 5 DECAYED/DIRTY | 6 6 6 BLINK | 1 1 1 LIGHT | 6 6 6 GLOVES | | |
| 6 6 6 CROOKED/ BROKEN | 7 7 7 DIFFERENT COLORS | 2 2 2 MEDIUM | 7 7 7 GLASSES | | |
| 7 7 7 VERY WHITE | 8 8 8 OTHER | 3 3 3 HEAVY | 8 8 8 BANDAGES | | |
| 8 8 8 OTHER | | | 9 9 9 OTHER | | |

| (67) POSSIBLE CAUSE OF ABSENCE: | (68) COMPETENCY (PHYSICAL): | (69) COMPETENCY (MENTAL): | (70) POSSIBLE DESTINATION: |
|---|---|---|---|

| (71) FURTHER SUBJECT(S) DESCRIPTION(S): (EXPLAIN "OTHER" RESPONSES BY BOX AND SUBJECT NUMBERS) | | |
|---|---|---|
| BOX NO. | SUBJ CODE | |

**WEAPON DESCR.**

| (72) WEAPON | | | (73) GUN FEATURES | | |
|---|---|---|---|---|---|
| SUBJECT NO. 1 2 3 | SUBJECT NO. 1 2 3 | | SUBJECT NO. 1 2 3 | SUBJECT NO. 1 2 3 | SUBJECT NO. 1 2 3 |
| 1 1 1 HANDGUN | 7 7 7 SWITCHBLADE | | 1 1 1 CHROME/NICKLE | 7 7 7 SINGLE BARREL | 13 13 13 WESTERN-STYLE |
| 2 2 2 SHOTGUN | 8 8 8 POCKET KNIFE | | 2 2 2 BLUE STEEL | 8 8 8 DOUBLE BARREL | 14 14 14 LARGE BORE |
| 3 3 3 RIFLE | 9 9 9 BUTCHER/STEAK | | 3 3 3 AUTOMATIC | 9 9 9 SAWED-OFF | 15 15 15 SMALL BORE |
| 4 4 4 DERRINGER | 10 10 10 MACHETE | | 4 4 4 REVOLVER | 10 10 10 BOLT ACTION | 16 16 16 PUMP |
| 5 5 5 SIMULATED GUN | 11 11 11 SWORD | | 5 5 5 SHORT BARREL | 11 11 11 ALTERED STOCK | 17 17 17 OTHER |
| 6 6 6 UNKNOWN GUN | 12 12 12 OTHER | | 6 6 6 LONG BARREL | 12 12 12 WHITE GRIPS | |
| | | | MAKE | MODEL | CAL/GAUGE |

29

45



# BEXAR COUNTY SHERIFF'S OFFICE

BCSO Form No 164

CASE NO.
**2015-BCSO-004148**

## VEHICLE INFORMATION

| (74) ☒ SUSPECT ☐ RECOVERED | DRIVER WAS (CODE) SP | LIC. NO UNKNOWN | LIC ST / YR / TYP TX 15 PS | VEH. YEAR UNKNOWN | MAKE FORD | MODEL F150 | STYLE TRUCK | VIN NO UNKNOWN |

| (75) COLOR 1 (SOLID) (OR TOP) 22 | COLOR 2 1 |

(76) SPECIAL VEHICLE FEATURES (CIRCLE NUMBERS BELOW):

| | | | |
|---|---|---|---|
| 1 BEIGE | 9 CREAM | 17 PINK | 1 LEVEL ALTERED |
| 2 BLACK | 10 GOLD | 18 RED | 2 STICKER/DECAL ON BODY/BUMPER |
| 3 BLUE/LIGHT | 11 GRAY | 19 SILVER | |
| 4 BLUE | 12 GREEN/LIGHT | 20 TAN | 3 STICKER/DECAL ON WINDOW |
| 5 BLUE/DARK | 13 GREEN | 21 TURQUOISE | |
| 6 BRONZE | 14 GREEN/DARK | 22 WHITE | 4 RUST OR PRIMER |
| 7 BROWN | 15 MAROON | 23 YELLOW | 5 DECORATIVE PAINT |
| 8 COPPER | 16 ORANGE | 24 OTHER | 6 WINDOW BROKEN |

7 MISSING PARTS
8 LOUD MUFFLER(S)
9 DAMAGE TO FRONT
10 DAMAGE TO REAR
11 DAMAGE TO SIDE
12 PAINTED INSCRIPTION ON BODY
13 VINYL TOP

14 DOOR PANELS REMOVED
15 TORN SEATS/HEADLINER
16 CAMPER TOP
17 SPECIAL WHEELS/TIRES (MAGS, WIDE TIRES, ETC)
18 EXTRA ANTENNA(S)/MIRRORS
19 CB HANDLE/CALL NUMBERS
20 OTHER

(77) FURTHER VEHICLE DESCRIPTION:

(78) DESCRIPTION RELIABILITY (CIRCLE ONE):
EXCELLENT   GOOD   POOR

## RECOVERED VEHICLE

| (79) DISTRICT RECOVERED: | (80) Disposition of Vehicle: 1 AUTO POUND 2 RELEASE TO OWNER | (81) METHOD USED: 1 TOWED/CARRIED 2 HOT WIRED | 3 KEY IN VEHICLE 4 OTHER |

| (82) CONDITION OF VEHICLE: 1 STRIPPED 2 WRECKED | 3 BURNED 4 NO APPARENT DAMAGE | (83) STRIPPED OR MISSING PARTS: 1 ENGINE 2 TRANSMISSION | 3 BATTERY 4 BODY PARTS 5 TIRES | 6 WHEELS 7 RADIO 8 SEATS | 9 LICENSE PLATE(S) 10 OTHER |

## CRIME AGAINST PERSON M.O.

| (84) PRE-INCIDENT CONTACT: | (85) SUSPECT/COMPLAINANT LOC.: | (86) SUSP PRETENDED TO BE | (87) SUSPECT SOLICITED/OFFERED: |
|---|---|---|---|
| 1 BAR | 1 SUSPECT A PEDESTRIAN | 1 CUSTOMER | 1 AID FOR VEHICLE |
| 2 PARTY | | 2 SEEKING SOMEONE | 2 RIDE |
| 3 PLACE OF ENTERTAINMENT (MOVIE, ETC.) | 2 SUSPECT IN A VEHICLE | 3 ASKING COMPLAINANT | 3 USE PHONE |
| 4 RESIDENCE (OWN, OTHER) | 3 COMPLAINANT A PEDESTRIAN | 4 BLIND, CRIPPLED, ETC | 4 INFORMATION |
| 5 SHOPPING | | 5 DELIVERY/REPAIRMAN | 5 MONEY |
| 6 SCHOOL | 4 COMPLAINANT IN VEHICLE | 6 RENTING | 6 SEX |
| 7 PARK/RECREATIONAL FAC | | 7 MILITARY PERSON | 7 ASKED FOR MERCHANDISE |
| 8 COMPLAINANT KNOWS SUSP | 5 N/A | 8 POLICE OFFICER | |
| 9 NONE | | 9 OTHER | |
| 10 N/A | | 10 N/A | |

8 DRUGS
9 3-CARD MONTY
10 PIGEON DROP
11 HOME REPAIR
12 OTHER TYPE CON GAME
13 OTHER
14 N/A

| (88) SUSPECT'S ACTIONS: | (89) FORCED COMPLAINANT TO: | (90) WEAPON - MEANS OF ATTACK: |
|---|---|---|
| 1 DEMANDED MONEY | 9 TOOK COMP'S CLOTHING | 1 LIE DOWN | 1 GUN (DESCRIBE) |
| 2 MADE GESTURES | 10 RAPED COMPLAINANT | 2 ENTER RESTROOM | 2 KNIFE/CUT/STAB INSTRUMENT |
| 3 RIP OUT TELEPHONE | 11 FONDLED COMPLAINANT | 3 REAR OF BUILDING | 3 ROCK OR BRICK |
| 4 USED NOTE | 12 RAPED MORE THAN ONCE | 4 DISROBE | 4 EXPLOSIVES |
| 5 USED LOCK OUT/ACCOMPLICE | 13 RIPPED/CUT CLOTHING | 5 PLACE PROPERTY IN SACK | 5 STRANGULATION |
| 6 FIRED SHOTS | 14 USED LUBRICANT | 6 UNNATURAL SEX ACT(S) | 6 BODILY FORCE- HANDS/FEET |
| 7 PURSE SNATCH | 15 OTHER | 7 NO FORCE | 7 BURN/SCALD |
| 8 ASSAULT(S) | 16 N/A | 8 OTHER | 8 BLACKJACK/CLUB |
| | | 9 N/A | |

9 GAS/CARBON MONOXIDE
10 POISON/DRUGS/LIQUOR
11 THREATS AGAINST COMPLAINANT/FAMILY
12 MUTUAL CONSENT
13 VEHICLE (DESCRIBE)
14 OTHER
15 N/A

| (91) FORCE INFLICTED: | (92) VEHICLE INVOLVEMENT: | (93) MEANS OF ESCAPE: |
|---|---|---|
| 1 HANDCUFF/TIE COMPLAINANT | 8 BLINDFOLD/GAG COMPLAINANT | 1 HID IN REAR SEAT | 1 VEHICLE-ALONE | 4 FOOT |
| 2 BURN/SCALD COMPLAINANT | 9 HIT COMPLAINANT PRIOR TO ACT | 2 COMP FORCED INTO VEH | 2 VEHICLE COHORTS | 5 UNKNOWN |
| 3 COVERED COMP'S FACE | | 3 COMP'S VEHICLE TAKEN | 3 BICYCLE | 6 N/A |
| 4 CUT/STAB COMPLAINANT | 10 HIT COMPLAINANT DURING ACT | 4 COMP PARKING/GARAGING | | |
| 5 PULL/GRAB COMPLAINANT | 11 HIT COMPLAINANT AFTER ACT | 5 FORCE C COMP S VEHICLE TO CURB | (94) COMPLAINANT WAS: | |
| 6 SHOT COMPLAINANT | 12 OTHER | 6 COVERED/REVEAL/TEAR LICENSE PLATE | 1 OPENING/CLOSING BUSINESS | 4 TOURIST 7 OTHER |
| 7 CHOKE/STRANGLE COMPLAINANT | 13 NONE | 7 FORCED WAY INTO VEHICLE | 2 PHYSICALLY/MENTALLY HANDICAPPED | 5 GAMBLING 8 N/A |
| | | 8 DISABLED COMP'S VEHICLE | 3 INTOXICATED | 6 ALONE |
| | | 9 N/A | | |

| (95) COMPLAINANT'S OCCUPATION: | (96) PLACE OF EMPLOYMENT: | (97) UNIFORM WORN ? YES     NO |

(98) EXPLAIN OTHER RESPONSES BY BOX NO.:

(99) LIST SIGNIFICANT M.O. BY BOX NO,
1.              2.              3.              4.              5.

(100) ADDITIONAL DETAILS/INFORMATION

46      30

ADDITIONAL SHEETS ATTACHED ☐

# Declaration of Complaint

**STATE OF TEXAS** }
**COUNTY OF BEXAR** }

**Bexar County Case #**

Detective A. Lopez #1624

Date: _1-30-15_

I, _Elisa Erickson_ the undersigned complainant do herby state that

**I WISH** / **I DECLINE** to prefer charges and / or testify in court as a witness against the following actor, in the cause.

Actor's name: _Benjamin Erickson_

Actor's address: _770 Kirk Place_

Offense and / or Incident: _Agg Assault Deadly Weapon_

Date of Offense: _1-30-15_      Time: _7:30 PM_

---

Complainant's Name: _Elisa Erickson_

Complainant's Address: _7219 Archers Grove 8TT 78244_

Complainant's Phone Number: _(210) 818 0712_

Employment Address: _Self-employed_

Complainant's Signature: _Elisa Erickson_  DATE: _1/30/15_

31

47

Assignment No: <u>2015 -4148</u>

Offense Code: _____

Reporting Investigator *(Name & ID):* Det. A. Menchaca #4016

| Offense / Incident<br>Agg. Assault and Endangering a Child | Section Assigned<br>Violent Crimes | District<br>A40 |
|---|---|---|
| Place of Occurrence – *Address, Block or Intersection*<br>Walzem and FM 78 | Date & Time of Offense / Incident<br>01/30/15  7:58 pm | Date of this Report<br>01/31/15 |
| Complainant – *Last, First M*<br>Erickson, Elisa | Address (Include City, State and Zip)<br>7219 Archers Grove San Antonio, Texas 78244 | |
| DL / ID / SSN – *Number, state* | Date of Birth<br>10/08/73 | Home Phone *(Include area)*<br>210-818-0712 | Work/Other *(Include area)* |
| Case Status<br>Investigative Supplement | Modus Operandi (MO) | | |

Additional Details of Offense – Progress of Investigation – Disposition of Evidence, Property, etc.

On 01/31/15 I was contacted by Investigator Lopez #1624 in regard to an Aggravated assault and endangering a child. I made contact with Elisa Erickson who said she and Benjamin Erickson are divorced, and today she met with him while she had her children in the back seat of her car. Celine and Brandon Erickson are the children of Elisa and Benjamin Erickson. As Elisa attempted to call the police, and drove away from Benjamin. Benjamin began following Elisa in his vehicle and attempted to drive his vehicle into hers as she was driving with their children. At one point near Walzem and FM 78, Benjamin struck Elisa' s vehicle with his vehicle several times. Elisa saw a Bexar County Deputy in a patrol unit and waved him down. Investigator Lopez took a statement from Elisa and I wrote and emergency protective order on behalf of Elisa. An arrest warrant was issued for Benjamin, and upon his arrest, the emergency protective order was given to the arresting officer.

| Submitting Investigator's Signature | BEXAR COUNTY SHERIFF'S OFFICE<br>200 North Comal<br>San Antonio, Texas 78207-3505 | <u>Page 1 of 1</u> |
|---|---|---|

FORM 350-250 (09/2004)

32

48

 

No. 2015CR3807    COUNT
INCIDENT NO./TRN: 9112075647

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE 379TH DISTRICT |
| | § | |
| VS. | § | COURT |
| | § | |
| BENJAMIN ERICKSON | § | BEXAR COUNTY, TEXAS |
| | § | |
| STATE ID NO.: TX4554638 | § | |

# JUDGMENT OF CONVICTION BY COURT—WAIVER OF JURY TRIAL

| Judge Presiding: | HON. RON RANGEL | Date Judgment Entered: | 06-04-2015 |
|---|---|---|---|
| Appearances: Attorney for State: | STEPHANIE R BOYD | Attorney for Defendant: | MARK JOHN MCKAY |

| Offense for which Defendant Convicted: |
|---|
| AGG ASSLT W/DEADLY WPN |

| Charging Instrument: | Statute for Offense: |
|---|---|
| INDICTMENT | 22.02 (A) (2) PC |

| Date of Offense: |
|---|
| 01-30-2015 |

| Degree of Offense: | Plea to Offense: | Findings on Deadly Weapon: |
|---|---|---|
| 2ND | NOLO CONTENDERE | DEADLY WEAPON FINDING |

| Terms of Plea Bargain: |
|---|
| SIX (6) YEARS TDCJ-ID |

| Plea to 1st Enhancement Paragraph: | N/A | Plea to 2nd Enhancement/Habitual Paragraph: | |
|---|---|---|---|
| Findings on 1st Enhancement Paragraph: | N/A | Findings on 2nd Enhancement/Habitual Paragraph: | |

| Date Sentence Imposed: | 06-04-2015 | Date Sentence to Commence: | 06-04-2015 |
|---|---|---|---|

| Punishment and Place of Confinement: | 6 YRS TDCJ-ID AND A FINE OF $    0.00  IMPRISONMENT (INSTITUTIONAL DIVISION): |
|---|---|

| THIS SENTENCE SHALL RUN CONCURRENT WITH 2015CR3805 IN BEXAR COUNTY, TEXAS |
|---|

| ☐ | SENTENCE OF CONFINEMENT SUSPENDED, DEFENDANT PLACED ON COMMUNITY SUPERVISION FOR N/A |
|---|---|

| Fine: | Court Costs: | Restitution: | Restitution Payable to: |
|---|---|---|---|
| $ 0.00 | $ 304.00 | $  0.00 | ☐ VICTIM (see below)   ☐ AGENCY/AGENT (see below) |

Sex Offender Registration Requirements do not apply to the Defendant. TEX. CODE CRIM. PROC. chapter 62 .
The age of the victim at the time of the offense was

| | If Defendant is to serve sentence in TDCJ, enter incarceration periods in chronological order. | | | | | |
|---|---|---|---|---|---|---|
| Time Credited: | From: 01/31/2015 | To: 06/04/2015 | From: | To: | From: | To: |
| | From: | To: | From: | To: | From: | To: |
| | From: | To: | From: | To: | From: | To: |

If Defendant is to serve sentence in county jail or is given credit toward fine and costs, enter days credited below.

NOTES: N/A

All pertinent information, names and assessments indicated above are incorporated into the language of the judgment below by reference.

This cause was called for trial in **Bexar County, Texas**. The State appeared by her District Attorney.

06082015 V1309P3160



Counsel / Waiver of Counsel  (select one)

[x]  Defendant appeared in person with Counsel.
[ ]  Defendant knowingly, intelligently, and voluntarily waived the right to representation by counsel in writing in open court.

Both parties announced ready for trial. Defendant waived the right of trial by jury and entered the plea indicated above. The Court then admonished Defendant as required by law. It appeared to the Court that Defendant was mentally competent to stand trial, made the plea freely and voluntarily, and was aware of the consequences of this plea. The Court received the plea and entered it of record. Having heard the evidence submitted, the Court found Defendant guilty of the offense indicated above. In the presence of Defendant, the Court pronounced sentence against Defendant.

The Court FINDS Defendant committed the above offense and ORDERS, ADJUDGES AND DECREES that Defendant is GUILTY of the above offense. The Court FINDS the Presentence Investigation, if so ordered, was done according to the applicable provisions of TEX. CODE CRIM. PROC. art. 42:12 § 9.

The Court ORDERS Defendant punished as indicated above. The Court ORDERS Defendant to pay all fines, court costs, and restitution as indicated above.

Punishment Options  (select one)

[x]  Confinement in State Jail or Institutional Division. The Court ORDERS the authorized agent of the State of Texas or the Sheriff of this County to take, safely convey, and deliver Defendant to the Director, Institutional Division, TDCJ. The Court ORDERS Defendant to be confined for the period and in the manner indicated above. The Court ORDERS Defendant remanded to the custody of the Sheriff of this county until the Sheriff can obey the directions of this sentence. The Court ORDERS that upon release from confinement, Defendant proceed immediately to the Bexar County District Clerk. Once there, the Court ORDERS Defendant to pay, or make arrangements to pay, any remaining unpaid fines, court costs, and restitution as ordered by the Court above.

[ ]  County Jail—Confinement / Confinement in Lieu of Payment. The Court ORDERS Defendant immediately committed to the custody of the Sheriff of Bexar County, Texas on the date the sentence is to commence. Defendant shall be confined in the Bexar County Jail for the period indicated above. The Court ORDERS that upon release from confinement, Defendant shall proceed immediately to the Bexar County District Clerk. Once there, the Court ORDERS Defendant to pay, or make arrangements to pay, any remaining unpaid fines, court costs, and restitution as ordered by the Court above.

Execution / Suspension of Sentence  (select one)

[x]  The Court ORDERS Defendant's sentence EXECUTED.

[ ]  The Court ORDERS Defendant's sentence of confinement SUSPENDED. The Court ORDERS Defendant placed on community supervision for the adjudged period (above) so long as Defendant abides by and does not violate the terms and conditions of community supervision. The order setting forth the terms and conditions of community supervision is incorporated into this judgment by reference.

The Court ORDERS that Defendant is given credit noted above on this sentence for the time spent incarcerated.

Furthermore, the following special findings or orders apply:
DEADLY WEAPON FINDING; IT IS FURTHER ORDERED DEFENDANT HAVE NO HARMFUL OR INJURIOUS CONTACT WITH: ELISA ERICKSON, ▉▉▉▉ ▉▉▉▉▉; ▉▉▉ ▉▉▉▉▉

Signed and entered on this _____ day of _____  JUN 0 4 2015 _____ 20_____

Notice of Appeal: DENIED _____

JUDGE PRESIDING
RON RANGEL
379TH DISTRICT COURT
BEXAR COUNTY, TEXAS

Clerk: 13300
DC2015CR3807

Right Thumbprint



**BEXAR** COUNTY

**Donna Kay M<sup>c</sup>Kinney**

DISTRICT CLERK

PAUL ELIZONDO TOWER
101 W. NUEVA ST. STE 217
SAN ANTONIO, TEXAS 78205
August 18, 2015

WRIT NO: **2015CR3807 –W1**

EX PARTE: **ERICKSON, BENJAMIN**

  I ACKNOWLEDGE RECEIPT OF AN APPLICATION FOR WRIT OF HABEAS COPRUS

FOR: **ERICKSON, BENJAMIN** CAUSE NO **2015CR3807**

SUCH APPLICATION WAS RECEIVED FROM BEXAR COUNTY DISTRICT

CLERK'S OFFICE ON THIS **August 18, 2015**, HEREBY WAIVING ISSUANCE OF

SERVICE BY CERTIFIED MAIL, RETURNED RECIEPT THAT'S REQUESTED.

SIGNED: _____
        BEXAR COUNTY DISTRICT ATTORNEY OFFICE

CAUSE NO. 2015-CR-3807-W1 **CRT**

FILED
DONNA KAY McKINNEY
DISTRICT CLERK
BEXAR COUNTY

2015 SEP 22 A 10: 40

DEPUTY
BY Monica Rivera

EX PARTE:                                    **IN THE DISTRICT COURT**

BENJAMIN ERICKSON                  **379TH JUDICIAL DISTRICT**

APPLICANT                                    **BEXAR COUNTY, TEXAS**

---

## STATE'S RESPONSE TO APPLICANT'S PETITION
## FOR WRIT OF HABEAS CORPUS

---

TO THE HONORABLE JUDGE OF SAID COURT:

Comes now the State of Texas by and through its Criminal District Attorney, Nicholas "Nico" LaHood, and files this response to the Applicant's Petition for Writ of Habeas Corpus.

### I. Habeas Writ Filed

The Applicant Benjamin Erickson filed this petition for a post-conviction writ of habeas corpus pursuant to art. 11.07, § 3(a), Texas Code of Criminal Procedure. The State files this mandatory answer pursuant to art. 11.07 § 3(b).

### II. Statement of the Case

The Applicant was convicted of the offense of Aggravated Assault with Deadly Weapon in Cause No. 2015-CR-3807 and punishment was assessed at confinement for 6 years. His petition for a writ of habeas corpus was filed on August 10, 2015. The State was served by the District Clerk of Bexar County on August 18, 2015.

### III. State's General Denial

The State generally and specifically denies each and every allegation of fact made by the Applicant and demands strict proof of same.



52

# CONCLUSION

WHEREFORE, PREMISES CONSIDERED, the State would ask that the trial court enter an ORDER recommending the relief be denied.

Respectfully submitted,

**NICHOLAS "NICO" LAHOOD**
Criminal District Attorney
Bexar County, Texas

**JAY BRANDON**
Assistant Criminal District Attorney
Bexar County, Texas
Paul Elizondo Tower
101 W. Nueva
San Antonio, Texas 78205
SBN: 02880500
(210) 335-2418
(210) 335-2436-FAX

*Attorneys for the State*

# CERTIFICATE OF SERVICE

I, Jay Brandon, Assistant Criminal District Attorney, Bexar County, Texas, certify that a true and correct copy of the foregoing response will be mailed to Benjamin Erickson, Garza West Unit, 4250 Hwy 202, Beeville, Texas, 78102, on this the 22nd day of September, 2015.

**JAY BRANDON**

## NO. 2015CR3807-W1

| EX PARTE | § | IN THE DISTRICT COURT |
|---|---|---|
| | § | 379TH JUDICIAL DISTRICT |
| BENJAMIN ERICKSON | § | BEXAR COUNTY, TEXAS |

## ORDER

Applicant, **Benjamin Erickson**, has filed a *pro se* application for a post-conviction writ of habeas corpus pursuant to Article 11.07 of the Texas Code of Criminal Procedure, collaterally attacking his conviction in cause number **2015CR3807.** TEX. CODE CRIM. PROC. art. § 11.07 (West 2014).

## HISTORY OF THE CASE

On or about June 04, 2015, Applicant pled *nolo contendere* to the offense of **aggravated assault with a deadly weapon**. Applicant was sentenced to six (6) years TDCJ-ID.

On July 07, 2015, The Fourth Court of Appeals issued an Order extending the appellate deadlines and giving Applicant notice that his consolidated appeals would be dismissed unless amended certifications showing that Applicant has the right to appeal in each case were made part of the appellate record on or before August 6, 2015. (04-15-00387-CR and 04-15-00388-CR).

As of the filing of Applicant's application, the mandate from the Fourth Court of Appeals has not issued.

This application was filed on August 10, 2015. A copy of this application was received by the District Attorney's Office on August 18, 2015.

1

## ALLEGATIONS OF APPLICANT

1. In his first ground for relief Applicant alleges ineffective assistance. Applicant claims that counsel failed to, do any research into his cases, examine the forensic evidence, request a mental evaluation and/or inform the court that Applicant's wife is using this case to manipulate the divorce and custody cases in another court.

   Applicant further claims that he is "basically illiterate" and that he could neither read nor understand the plea agreement but instead had to rely on the advice of counsel. According to Applicant, counsel "lied about what he was signing and why he was signing it." Applicant claims that counsel became agitated using profane language and saying he needed to "sign the (blanking) plea before his wife shows up and makes these worse."

   Applicant avers that he maintained his desire to go to trial and that there is no evidence supporting the State's claim that a crime has been committed.

2. In his second ground for relief Applicant claims that he lacked the mental capacity to understand or assist in his trial proceedings. According to Applicant, he was diagnosed with PTSD while incarcerated at the Bexar County Jail.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

1. The Fourth Court of Appeals issued an opinion on July 15, 2015, as of the filing of the Applicant's application, the mandate has not issued.

2. This application for writ of habeas corpus was filed during the pendency of Applicant's direct appeal as the Fourth Court of Appeals has not yet issued a mandate on this case. Consequently, the Court of Criminal Appeals does not have jurisdiction to consider this application for writ of habeas corpus. *See Ex parte Johnson*, 12 S.W.3d 472 (Tex. Crim. App. 2000)(where the application is filed in the trial court prior to the issuance of the

2

mandate of the court of appeals, the disposition of the merits is premature, and the court does not have jurisdiction to consider the application).

3. Based on the foregoing findings of fact and conclusions of law, it is hereby recommended that this application be **DISMISSED**.

## ORDERS

The District Clerk of Bexar County, Texas, is hereby ordered to prepare a copy of this document, together with any attachments and forward the same to the following persons by mail or the most practical means:

a. The Court of Criminal Appeals
   Austin, Texas 78711

b. Susan D. Reed
   Criminal District Attorney
   Cadena - Reeves Justice Center
   Bexar County, Texas 78205

c. Benjamin Erickson
   TDCJ: 02003867
   Garza West
   4250 Highway 202
   Beeville, TX 78102

SIGNED, ORDERED and DECREED on _9/9/15_ .

**JUDGE RON RANGEL**
379TH Judicial District Court
Bexar County, Texas

# *Certificate*

THE STATE OF TEXAS
COUNTY OF BEXAR

     I, **Donna Kay M<sup>c</sup>Kinney**, Clerk of the 379TH Judicial District Court, in

and for Bexar County, State of Texas, do hereby certify that the above and foregoing are

true and correct copies of all the proceedings had in the case of

**EX PARTE ERICKSON, BENJAMIN 2015CR3807-W1**

**HONORABLE: RON RANGEL PRESIDING** the same appear from

the originals now on file and record in this office.

     **GIVEN UNDER MY HAND AND SEAL** of said Court at office in the City of

San Antonio, Texas, on this the 22ND day of SEPTEMBER, A.D., 2015.



                              **Donna Kay M<sup>c</sup>Kinney**
                              Clerk of the District Courts
                              Bexar County, Texas

                              BY *Monica Rivera*
                              MONICA RIVERA
                              DEPUTY DISTRICT CLERK

***********