IN THE COURT OF CRIMINAL APPEALS OF TEXAS ORDER ADOPTING SUMMARY SHEET FOR POST-CONVICTION APPLICATIONS FOR WRIT OF HABEAS CORPUS

83,963-03

Ex ERICKSON, BENJAMIN
(Name of Applicant)

Application for Writ of Habeas Corpus from BEXAR County
D379 Court

TRIAL COURT WRIT NO. 2015CR3805-W2

## CLERK'S SUMMARY SHEET

APPLICANT'S NAME: BENJAMIN ERICKSON
(As reflected in judgment)
OFFENSE: AGG ASSLT W/DEADLY WPN
(As reflected in judgment)
CAUSE NO: 2015CR3805
(As reflected in judgment)
PLEA: ___GUILTY___NOT GUILTY _X_NOLO CONTENDERE
SENTENCE: 6 YEARS DATE: JUNE 4, 2015
(Terms of years reflected in judgment)
TRIAL DATE: JUNE 4, 2015
JUDGE'S NAME: RON RANGEL
(Judge presiding at trial)
APPEAL NO: ____
(If applicable)
CITATION TO OPINION:____S.W.3d_____
(If applicable)
HEARING HELD:_____YES_____NO
(Pertaining to the application for writ of habeas corpus)
FINDINGS & CONCLUSIONS FILED:_X_YES_____NO
(Pertaining to the application for writ of habeas corpus)
RECOMMENDATION: ___GRANT_X_DENY___DISMISS
(Trial court's recommendation regarding application for writ of habeas corpus) JUDGE'S NAME: RON RANGEL
(Judge presiding over habeas corpus proceeding)
NAME OF COUNSEL IF APPLICANT IS REPRESENTED:

RECEIVED IN
COURT OF CRIMINAL APPEALS
FEB 10 2017
Abel Acosta, Clerk

# NO. 2015CR3805-W2
# WRIT INDEX

CAPTION ........................................ 0

APPLICATION FOR A WRIT OF HABEAS CORPUS SEEKING RELIEF FROM FINAL FELONY CONVICTION UNDER CODE OF CRIMINAL PROCEDURE, ARTICLE 11.07 ........................................ 1-19
****** FILE STAMPED ON 08-15-2016 PG 1 ******

ACKNOWLEDGMENT ........................................ 20

STATE'S RESPONSE TO APPLICANT'S PETITION FOR WRIT OF HABEAS CORPUS ........................................ 21-22
****** FILE STAMPED ON 08-29-2016 PG 21******

MOTION FOR EXTENSION OF TIME ........................................ 23-24
****** FILE STAMPED ON 09-16-2016 PG 23******

ORDER ON APPLICATION FOR POST CONVICTION WRIT ........................................ 25-26
****** SIGNED ON 08-29-2016 PG 26******

ORDER DESIGNATING ISSUES ........................................ 27
****** SIGNED ON 08-29-2016 PG 27*****

ORDER ........................................ 28-32
****** SIGNED ON 01-27-2017 PG 32 ******

CERTIFICATE ........................................ 33

# CAPTION

**THE STATE OF TEXAS** *

**COUNTY OF BEXAR** *

**At a regular term of the 379TH Judicial District Court of Bexar County, Texas, begun and held at San Antonio, State of Texas, before the Honorable RON RANGEL Presiding thereof, which opened on the 1ST day of FEBRUARY A.D., 2017, and will adjourn on the 31ST day of MARCH A.D., 2017, the following cause came on for trial, to-wit:**

**NO. 2015CR3805-W2**

**EX PARTE: ERICKSON, BENJAMIN**

**VS**

**THE STATE OF TEXAS**

************

CRT
FILED
DONNA KAY McKINNEY
DISTRICT CLERK
BEXAR COUNTY
2016 AUG 15 P 2:25
BY: Melissa J. Ramirez DEPUTY

Case No. 2015CR3805-W2
(The Clerk of the convicting court will fill this line in.)

IN THE COURT OF CRIMINAL APPEALS OF TEXAS

APPLICATION FOR A WRIT OF HABEAS CORPUS
SEEKING RELIEF FROM FINAL FELONY CONVICTION
UNDER CODE OF CRIMINAL PROCEDURE, ARTICLE 11.07

NAME: Benjamin Erickson

DATE OF BIRTH: 8-1-74

PLACE OF CONFINEMENT: Mark W. Stiles

TDCJ-CID NUMBER: 2003867 SID NUMBER: 927485

(1) This application concerns (check all that apply):

- ☑ a conviction
- ☐ parole
- ☐ a sentence
- ☐ mandatory supervision
- ☐ time credit
- ☑ out-of-time appeal or petition for discretionary review

(2) What district court entered the judgment of the conviction you want relief from? (Include the court number and county.)

379th Judicial District Court

(3) What was the case number in the trial court?

2015 CR 3805

(4) What was the name of the trial judge?

~~[illegible]~~ Ron Rangel

(5) **Were you represented by counsel? If yes, provide the attorney's name:**

mark John McKay Bar #13688520

(6) **What was the date that the judgment was entered?**

Sept. 10, 2015

(7) **For what offense were you convicted and what was the sentence?**

130116 - Agg. Assault W/Deadly Weapon

(8) **If you were sentenced on more than one count of an indictment in the same court at the same time, what counts were you convicted of and what was the sentence in each count?**

Agg. Assault W/ Deadly Weapon - 6 years CC

Agg. Assault W/ Deadly Weapon - 6 years CC

(9) **What was the plea you entered? (Check one.)**

- ☐ **guilty-open plea**
- ☐ **guilty-plea bargain**
- ☐ **not guilty**
- ☑ ***nolo contendere*/no contest**

**If you entered different pleas to counts in a multi-count indictment, please explain:**

No, Nolo contendere

(10) **What kind of trial did you have?**

- ☐ **no jury**
- ☐ **jury for guilt and punishment**
- ☑ **jury for guilt, judge for punishment**

**(11) Did you testify at trial? If yes, at what phase of the trial did you testify?**

No trial

**(12) Did you appeal from the judgment of conviction?**

☑ **yes** ☐ **no**

**If you did appeal, answer the following questions:**

**(A) What court of appeals did you appeal to?** 4th Court of Appeals

**(B) What was the case number?** 04-15-00387-CR

**(C) Were you represented by counsel on appeal? If yes, provide the attorney's name:**

Richard B. Dulany, Jr.

**(D) What was the decision and the date of the decision?** May 18, 2016

**(13) Did you file a petition for discretionary review in the Court of Criminal Appeals?**

☐ **yes** ☑ **no**

**If you did file a petition for discretionary review, answer the following questions:**

**(A) What was the case number?** ______________

**(B) What was the decision and the date of the decision?** ______________

**(14) Have you previously filed an application for a writ of habeas corpus under Article 11.07 of the Texas Code of Criminal Procedure challenging *this conviction*?**

☐ **yes** ☑ **no**

**If you answered yes, answer the following questions:**

**(A) What was the Court of Criminal Appeals' writ number?** ______________

(B) What was the decision and the date of the decision? ______________

(C) Please identify the reason that the current claims were not presented and could not have been presented on your previous application.

my attorney did not follow professional protocol. I had to grieve the State Bar of Texas on him. I am illiterate in the knowledge of legal proceedings to be able to represent myself

(15) Do you currently have any petition or appeal pending in any other state or federal court?

☐ yes ☑ no

If you answered yes, please provide the name of the court and the case number:

______________________________

(16) If you are presenting a claim for time credit, have you exhausted your administrative remedies by presenting your claim to the time credit resolution system of the Texas Department of Criminal Justice? (This requirement applies to any final felony conviction, including state jail felonies)

☐ yes ☑ no

If you answered yes, answer the following questions:

(A) What date did you present the claim? ______________

(B) Did you receive a decision and, if yes, what was the date of the decision?

______________________________

If you answered no, please explain why you have not submitted your claim:



**(17)** **Beginning on page 6, state *concisely* every legal ground for your claim that you are being unlawfully restrained, and then briefly summarize the facts supporting each ground. You must present each ground on the form application and a brief summary of the facts. *If your grounds and brief summary of the facts have not been presented on the form application, the Court will not consider your grounds.***
**If you have more than four grounds, use pages 14 and 15 of the form, which you may copy as many times as needed to give you a separate page for each ground, with each ground numbered in sequence. The recitation of the facts supporting each ground must be no longer than the two pages provided for the ground in the form.**

**You may include with the form a memorandum of law if you want to present legal authorities, but the Court will *not* consider grounds for relief set out in a memorandum of law that were not raised on the form. The citations and argument must be in a memorandum that complies with Texas Rule of Appellate Procedure 73 and does not exceed 15,000 words if computer-generated or 50 pages if not. If you are challenging the validity of your conviction, please include a summary of the facts pertaining to your offense and trial in your memorandum.**

**GROUND ONE:**

Ineffective Assistance of counsel under Strickland v. Washington

**FACTS SUPPORTING GROUND ONE:**

Attorney mark John mckay, State Bar No. 1368852 D? misrepresented me by his prejudice. He was attained by my wife, Elisa Erickson, who was alleging that I had assaulted her with my truck. She was telling my attorney to find me guilty and charged any way possible. Counsel violated my 6th Amendment rights by knowing he was not going to give me a fair chance of defending myself. In Cuyler v. Sullivan, 100 S.Ct. 1708 (1980) there was a conflict of interest, as there is in mine. Counsel had the legal duty to refuse employment, but, saw an easy way to deny my rights and get paid doing it.

Counsel was ineffective where he did not consult with defendant, did not review prosecutor's file, did not conduct any

investigation, did not see that there was No viable evidence against me, did not see it was heresay evidence from the chargee, BUT, did see the easy money he could make by denying me my effective assistance of counsel. Please see Ex Parte Lilly, 656 S.W.2d 490 (1983)

I wish for a rehearing as I wasn't given a fair chance to prove my innocence, as my attorney was hired and paid by the alleged ~~crime by the~~ chargee.

Under duress, as a PTSD, I was compelled to sign my appeals away, to plead nolo contendere without any evidence or character witness for my behalf.

**GROUND TWO:**

**FACTS SUPPORTING GROUND TWO:**



9

Rev. 01/14/14

9

**GROUND THREE:**

**FACTS SUPPORTING GROUND THREE:**

11

Rev. 01/14/14

11

**GROUND FOUR:**

**FACTS SUPPORTING GROUND FOUR:**



13

Rev. 01/14/14

13

**GROUND:**

**FACTS SUPPORTING GROUND:**



15

Rev. 01/14/14

15

**WHEREFORE, APPLICANT PRAYS THAT THE COURT GRANT APPLICANT RELIEF TO WHICH HE MAY BE ENTITLED IN THIS PROCEEDING.**

**VERIFICATION**

This application must be verified or it will be dismissed for non-compliance. For verification purposes, an applicant is a person filing the application on his or her own behalf. A petitioner is a person filing the application on behalf of an applicant, for example, an applicant's attorney. An inmate is a person who is in custody.

The inmate applicant must sign either the "Oath Before a Notary Public" before a notary public or the "Inmate's Declaration" without a notary public. If the inmate is represented by a licensed attorney, the attorney may sign the "Oath Before a Notary Public" as petitioner and then complete "Petitioner's Information." A non-inmate applicant must sign the "Oath Before a Notary Public" before a notary public unless he is represented by a licensed attorney, in which case the attorney may sign the verification as petitioner.

A non-inmate non-attorney petitioner must sign the "Oath Before a Notary Public" before a notary public and must also complete "Petitioner's Information." An inmate petitioner must sign either the "Oath Before a Notary Public" before a notary public or the "Inmate's Declaration" without a notary public and must also complete the appropriate "Petitioner's Information."

**OATH BEFORE A NOTARY PUBLIC**

STATE OF TEXAS

COUNTY OF Jefferson

Benjamin Erickson, being duly sworn, under oath says: "I am the applicant / petitioner (circle one) in this action and know the contents of the above application for a writ of habeas corpus and, according to my belief, the facts stated in the application are true."

Benjamin Erickson
Signature of Applicant / Petitioner (circle one)

SUBSCRIBED AND SWORN TO BEFORE ME THIS 24th DAY OF May, 20 16.

Rodney Simon
Signature of Notary Public

RODNEY SIMON
NOTARY PUBLIC
STATE OF TEXAS
My Comm. Expires 04-15-2019
NOTARY WITHOUT BOND

**PETITIONER'S INFORMATION**

Petitioner's printed name: Benjamin Erickson

State bar number, if applicable: N/A

Address: 3060 FM 3514
Mark Stiles Unit
Beaumont, T.X. 77705

Telephone: N/A

Fax: N/A

**INMATE'S DECLARATION**

I, Benjamin Erickson, am the applicant / petitioner (circle one) and being presently incarcerated in Mark Stiles, declare under penalty of perjury that, according to my belief, the facts stated in the above application are true and correct.

Signed on May 20, 20 16.

Benjamin Erickson
Signature of Applicant / Petitioner (circle one)

**PETITIONER'S INFORMATION**

Petitioner's printed name: Benjamin Ericksom

Address: 3060 FM 3514
Mark Stiles Unit
Beaumont, T.X. 77705

Telephone: N/A

Fax: N/A

Signed on May 20, , 2016.

Benjamin Erickson
Signature of Petitioner



Benjamin Erickson #2003967
Stiles Unit
3060 FM 3514
Beaumont, TX. 77705
FILED
DONNA KAY McKINNEY
DISTRICT CLERK
BEXAR COUNTY
2016 AUG 15 P 2: 24
DEPUTY
BY:
Legal Mail
Bexar County District Clerk's
101 W. Nueva St. Ste 217
San Antonio, TX. 78205
USA FOREVER
USA FOREVER
USA FOREVER

 **Donna Kay M^c^Kinney**

DISTRICT CLERK

PAUL ELIZONDO TOWER
101 W. NUEVA ST. STE 217
SAN ANTONIO, TEXAS 78205

August 19, 2016

WRIT NO: **2015CR3805 –W2**

EX PARTE: **ERICKSON, BENJAMIN**

I ACKNOWLEDGE RECEIPT OF AN APPLICATION FOR WRIT OF HABEAS COPRUS

FOR: **ERICKSON, BENJAMIN** CAUSE NO **2015CR3805**

SUCH APPLICATION WAS RECEIVED FROM BEXAR COUNTY DISTRICT

CLERK'S OFFICE ON THIS **August 19, 2016**, HEREBY WAIVING ISSUANCE OF

SERVICE BY CERTIFIED MAIL, RETURNED RECIEPT THAT'S REQUESTED.

SIGNED: [signature]
BEXAR COUNTY DISTRICT ATTORNEY OFFICE

CRT

ORIGINAL

**CAUSE NO.2015-CR-3805-W2**

| | | |
|---|---|---|
| **EX PARTE:** | * | **IN THE DISTRICT COURT** |
| **BENJAMIN ERICKSON** | * | **379TH JUDICIAL DISTRICT** |
| **APPLICANT** | * | **BEXAR COUNTY, TEXAS** |

FILED DONNA KAY McKINNEY DISTRICT CLERK BEXAR COUNTY 2016 AUG 29 PM 2:00 BY DEPUTY

**STATE'S RESPONSE TO APPLICANT'S PETITION FOR WRIT OF HABEAS CORPUS**

TO THE HONORABLE JUDGE OF SAID COURT:

Comes now the State of Texas by and through its Criminal District Attorney, Nicholas "Nico" LaHood, and files this response to the Applicant's Petition for Writ of Habeas Corpus.

I. Habeas Writ Filed

The Applicant, Benjamin Erickson filed this petition for a post-conviction writ of habeas corpus pursuant to art. 11.07, § 3(a), Texas Code of Criminal Procedure. The State files this mandatory answer pursuant to art. 11.07 § 3(b).

II. Statement of the Case

The Applicant was convicted of the offense of Aggravated Assault with Deadly weapon in Cause No. 2015-CR-3805 and punishment was assessed at confinement for 6 years. His petition for a writ of habeas corpus was filed on August 15, 2016. The State was served by the District Clerk of Bexar County on August 19, 2016.

III. State's General Denial

The State generally and specifically denies each and every allegation of fact made by the Applicant and demands strict proof of same.



## CONCLUSION

WHEREFORE, PREMISES CONSIDERED, the State would ask that the trial court enter an ORDER recommending the relief be denied.

Respectfully submitted,

**NICHOLAS "NICO" LAHOOD**
Criminal District Attorney
Bexar County, Texas

**MATTHEW B. HOWARD**
Assistant Criminal District Attorney
Bexar County, Texas
Paul Elizondo Tower
101 W. Nueva
San Antonio, Texas 78205
SBN: 24085860
(210) 335-2736
(210) 335-2436-FAX

*Attorneys for the State*

## CERTIFICATE OF SERVICE

I, Matthew B. Howard, Assistant Criminal District Attorney, Bexar County, Texas, certify that a true and correct copy of the foregoing response will be mailed to Benjamin Erickson, Mark W. Stiles Unit, 3060 FM 3514, Beaumont, TX 77705 on this the 29th day of August, 2016.

**MATTHEW B. HOWARD**

IN THE DISTRICT COURT
379th JUDICIAL DISTRICT
BEXar County Texas

FILED
DONNA KAY McKINNEY
DISTRICT CLERK
BEXAR COUNTY
2016 SEP 16 P 2:58
DEPUTY

CR
FILED
DONNA KAY McKINNEY
DISTRICT CLERK
BEXAR COUNTY
2016 SEP 16 P 2:58
BY:

Ex Parte Benjamin Erickson

v.

mark John mcKay

Cause No. 2015-CR-3805-W2
& cause No. 2015-CR-3807-W2

# MOTION FOR EXTENSION OF Time

Comes Now, Benjamin Erickson, Applicant asking the Court for a 30-day extension of time Applicant being ignorant of law proceedings has to have help from other prisoner litigants, plus getting special sessions are with great difficulty as law library personel are not diligent getting case through LEXIS NEXIS, applicant can only get 3 cases per law library session with a limit of 2 hours study time.

If the court will grant this, applicant will show how my attorney had ineffectively assisted in my time of need and had sentenced 6 years to TDCJ. Applicant will show in explicit detail in all seven points how my attorney mark John mckay did knowingly and intentionally deny me my right to proper due process of law.

## certificate of service

The Foregoing is true and correct this 12th day of September, 2016.

Benjamin Erickson
(signed)
BENJAMIN ERICKSON

Benjamin Erickson # 02003867
mark W. stiles Unit
3060 F.M. 3514
Beaumont, TX-77705-7635

NORTH HOUSTON TX 773
14 SEP 2016 PM 7 L

USA FOREVER 2016

(5)

BY: ______

DEPUTY

2016 SEP 16 P 2:58

DONNA KAY McKINNEY
DISTRICT CLERK
BEXAR COUNTY

C/o Donna Kay mckinney
Bexar county District clerk
101 W. Nueva, ste.# 217
san Antonio, tx-78205

Legal mail

78205-341167

NO. 2015-CR-3805-W2

| EX PARTE | § | IN THE DISTRICT COURT |
|---|---|---|
| | § | 379TH JUDICIAL DISTRICT |
| BENJAMIN ERICKSON | § | BEXAR COUNTY, TEXAS |

## ORDER ON APPLICATION FOR POST CONVICTION WRIT

The Court having concluded that the allegations of ineffective assistance of counsel contained in an application for a post-conviction writ of habeas corpus create a necessity for a hearing, but that the matter is capable of resolution by means of affidavits, it is **ORDERED**, as follows:

That the Clerk forward a copy of the writ application and its attachments to **Mark John McKay, 405 North Saint Mary's Street, Suite 1030, San Antonio, Texas 78205.**

1. That, on or before **October 17, 2016, Mark John McKay,** file with this court his written affidavit confirming or denying the allegations of ineffective assistance.

    a. Please respond to Applicant's allegations regarding the claims of ineffective assistance of counsel, including, but not limited to, the following:

    (1) Conflict of interest between representing Applicant when Applicant's wife retained Counsel and allegedly told Counsel "to find [Applicant] guilty and charged any way possible."
    (2) Counsel did not consult with Applicant.
    (3) Counsel did not review prosecutor's file or investigate.
    (4) Counsel "did not see it was heresay evidence from the charge."
    (5) Counsel "did see the easy money he could make by denying [Applicant] effective assistance of counsel."
    (6) Counsel placed Applicant under duress, forcing Applicant to plead *nolo contendere* and waive his right to appeal.
    (7) Counsel did not seek a character witness on Applicant's behalf.

    b. After you have reviewed the Applicant's writ application, please address any other issues raised by Applicant not specifically listed above and of which you have knowledge or information.

Simultaneously, **Mark John McKay** shall deliver the affidavit and summation to **Benjamin Erickson, TDCJ ID: 02003867, Stiles Unit, 3060 FM 3514, Beaumont, Texas 77705 *and* to the Bexar County District Attorney, Nicholas Lahood, c/o Jay Brandon, Conviction Integrity Unit, 101 W. Nueva, San Antonio, Texas 78205 or fax to 335-1652, attention Jay Brandon.**

00709283147 01021380

**NO. 2015-CR-3805-W2**

After these matters have occurred, this Court will forward its Order including its findings to the Court of Criminal Appeals for its disposition of the matter.

Information contained in an affidavit filed pursuant to this order does not represent a violation of the attorney-client privilege. *See* TEX. R. EVID. 503(d)(3)(stating that communications relevant to issues concerning breach of counsel's duty to his client represents an exception to the rule governing attorney-client privilege).

**Failure to abide by this order is subject to a charge of contempt.**

SIGNED and ENTERED this 29th day of Aug, 2016.

**JUDGE RON RANGEL**
379th Judicial District Court
Bexar County, Texas

cc:
**Benjamin Erickson**
**TDCJ ID: 02003867**
**Stiles Unit**
**3060 FM 3514**
**Beaumont, Texas 77705**

**Bexar County District Attorney**
**c/o Jay Brandon**
**Conviction Integrity Unit**
**101 W. Nueva**
**San Antonio, Texas 78205**

VI 7 0 7 P 2 8 3 1 V 1 6 1 0 2 1 3 8 0



NO. 2015-CR-3805-W2

| | | |
|---|---|---|
| EX PARTE | § | IN THE DISTRICT COURT |
| | § | 379TH JUDICIAL DISTRICT |
| BENJAMIN ERICKSON | § | BEXAR COUNTY, TEXAS |

## ORDER DESIGNATING ISSUES

The Court having concluded that controverted, previously unresolved facts which are material to the legality of Applicant's confinement exist and need to be resolved, there is a necessity for the suspension of the time limitations enunciated in Article 11.07 of the Texas Code of Criminal Procedure. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07 § 3(d) (Vernon 2016).

Applicant has alleged the following issue which the court finds requires resolution:

a. Ineffective assistance of Counsel

Findings will be forwarded to the Court of Criminal Appeals for its disposition of the matter.

SIGNED and ENTERED on 8/29/16.

**JUDGE RON RANGEL**
379th Judicial District Court
Bexar County, Texas

083120216 V1382P0708



NO. 2015-CR-3805-W2

| EX PARTE | § | IN THE DISTRICT COURT |
|---|---|---|
| | § | 379TH JUDICIAL DISTRICT |
| BENJAMIN ERICKSON | § | BEXAR COUNTY, TEXAS |

## ORDER

Applicant, **Benjamin Erickson**, has filed a *pro se* application for a post-conviction writ of habeas corpus pursuant to Article 11.07 of the Texas Code of Criminal Procedure, collaterally attacking his conviction in cause number **2015CR3805.** TEX. CODE CRIM. PROC. art. 11.07 (West 2016).

## HISTORY OF THE CASE

On or about June 4, 2015, Applicant pled *nolo contendere* to the offense of **aggravated assault with a deadly weapon**, and was sentenced to six (6) years confinement in the Texas Department of Criminal Justice—Institutional Division. Applicant filed a direct appeal on June 25, 2015. On July 15, 2015, the Fourth Court of Appeals delivered its memorandum opinion—dismissing Applicant's appeal. *See Erickson v. State*, Nos. 04-15-00387-CR and 04-14-00388-CR, (Tex. App.—San Antonio) (mem. op., not designated for publication). The Fourth Court of Appeals issued its mandate on September 14, 2015. This application was filed on August 15, 2016. The District Attorney received a copy on August 19, 2016.

## ALLEGATIONS OF APPLICANT

1. Applicant's Sole Ground for relief alleges ineffective assistance of trial counsel, Mark McKay. Specifically, Applicant claims that Mr. McKay was ineffective during his representation based on the following:

a) Conflict of interest between representing Applicant when Applicant's wife retained Counsel and told Counsel "to find [Applicant] guilty and charged any way possible." *See* Application p. 6.

b) Counsel did not consult with Applicant. *Id.*

c) Counsel did not review prosecutor's file or investigate. *Id.*

d) Counsel "did not see it was hearsay evidence from the charge." *Id.* at 7.

e) Counsel "did see the easy money he could make by denying [Applicant] effective assistance of counsel." *Id.*

f) Counsel placed Applicant under duress, forcing Applicant to plead *nolo contendere* and waive his right to appeal. *Id.*

g) Counsel did not seek a character witness on Applicant's behalf. *Id.*

**FINDINGS OF FACT**

1. On October 28, 2015, Applicant's first application was dismissed because his direct appeal was pending in the Fourth Court of Appeals. WR-83,963-01.

2. According to Bexar County records, Mr. McKay was appointed to represent Applicant; he was not retained.

3. This Court finds that Applicant's case was a negotiated plea bargain case. *See* Judgment; *see also* Court's Admonishment and Defendant's Waivers and Affidavit of Admonitions; Trial Court's Certification of Defendant's Right of Appeal.

4. Applicant was admonished by the court as to the range of punishment if convicted of a Second degree Felony with a deadly weapon finding. (*See* Attachment: Court's Admonishment and Defendant's Waivers and Affidavit of Admonitions).

5. This Court finds that Applicant knowingly and voluntarily agreed to waive those rights when Applicant signed the waiver. *See Id.*

6. This Court received an affidavit from Mark McKay on September 12, 2016, which this Court finds to be credible.

7. The court finds that counsel consulted with Applicant, reviewed the evidence in the prosecutor's file, and conducted an individual investigation into Applicant's case.

8. Applicant's claim regarding hearsay is without merit.

9. Applicant signed "Court's Admonishment" and "Defendant's Waivers and Affidavit of Admonitions" stating that he was not coerced into accepting the plea.

10. The trial court finds Applicant's claim of "easy money" without merit.

11. On October 20, 2016, this Court received "Applicant's Rebuttal to Attorney John Mckay,"

12. In his response, Applicant states he was under a "heavy dosage" of medicine for PTSD and did not comprehend what he was doing.

13. This Court finds that Applicant fully understood the charge that was pending against him, and Mr. McKay explained the Federal and State Constitutional and legal rights possessed by a criminal defendant, including the procedural rights and safeguards afforded by the laws of the State of Texas. *See* Waiver, Consent to Stipulation of Testimony and Stipulations.

## CONCLUSIONS OF LAW

1. Applicant's first Art. 11.07 application was submitted during the pendency of his direct appeal; and, therefore, not a final felony conviction. *See Ex parte Johnson*, 12 S.W.3d 472 (Tex. Crim. App. 2000). Therefore, this Court concludes that this Art. 11.07 application is not a subsequent writ and not procedurally barred by the subsequent writ rule.

2. The Court finds that Applicant entered the plea voluntarily and knowingly. *See Rodriguez v. State*, 899 S.W. 2d 658 (Tex. Crim. App. 1995).

3. Under the two-prong standard for reviewing ineffective assistance of counsel claims, Applicant must show that (1) counsel's representation fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's deficient performance, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668 (1984); *See* also *McFarland v. State*, 845 S.W.2d 824, 842-43 (Tex. Crim. App. 1992). Counsel sufficiently rebuts all allegations made against him and provided an explanation of his work on the case and that his decisions were based on the decisions of Applicant. The court concludes that his representation of Applicant did not fall below an objective standard of reasonableness

4. This Court concludes that Applicant has failed to meet his burden to show that his attorney was ineffective. *Strickland v. Washington*, 466 U.S. 668, 80 L. Ed. 2d 674, 104 S.Ct. 2052 (1984); *Hernandez v. State,* 726 S.W.2d 53 (Tex. Crim. App. 1986).

5. Based on the foregoing findings of fact and conclusions of law, this Court recommends that Applicant's application be **DENIED**.

**NO. 2015-CR-3805-W2**

**ORDERS**

The District Clerk of Bexar County, Texas, is hereby ordered to prepare a copy of this document, together with any attachments and forward the same to the following persons by mail or the most practical means:

a. The Court of Criminal Appeals
Austin, Texas 78711

b. Nicholas "Nico" LaHood
Criminal District Attorney
Cadena - Reeves Justice Center
Bexar County, Texas 78205

c. Benjamin Erickson
TDCJ No. 02003867
Stiles Unit
3060 FM 3514
Beaumont, Texas 77705

SIGNED, ORDERED and DECREED on 1/27/17.

**JUDGE RON RANGEL**
379th Judicial District Court
Bexar County, Texas

# *Certificate*

THE STATE OF TEXAS
COUNTY OF BEXAR

I, **Donna Kay M^c^Kinney,** Clerk of the 379TH Judicial District Court, in and for Bexar County, State of Texas, do hereby certify that the above and foregoing are true and correct copies of all the proceedings had in the case of

**EX PARTE ERICKSON, BENJAMIN 2015CR3805-W2**

**HONORABLE: RON RANGEL PRESIDING** the same appear from the originals now on file and record in this office.

**GIVEN UNDER MY HAND AND SEAL** of said Court at office in the City of San Antonio, Texas, on this the 6TH day of FEBRUARY, A.D., 2017.

DISTRICT COURT OF BEXAR COUNTY, TEXAS

**Donna Kay M^c^Kinney**
Clerk of the District Courts
Bexar County, Texas

By Courtney Chambers
COURTNEY CHAMBERS
DEPUTY DISTRICT CLERK

************