IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| BENJAMIN ERICKSON, § <br> TDCJ No. 2003867, § <br> *Petitioner,* § <br> § <br> v. § <br> § <br> LORIE DAVIS, Director, § <br> Texas Department of Criminal Justice, § <br> Correctional Institutions Division, § <br> *Respondent.* § | Civil Action No. <br> SA-17-CA-227-OLG (HJB) |

**RESPONDENT'S RESPONSE TO ORDER OF JULY 6, 2017, ECF NO. 14**

Through a petition for writ of habeas corpus under 28 U.S.C. § 2254, Texas state prisoner Benjamin Erickson challenges his plea of nolo contendere, entered in his state convictions for two counts of aggravated assault with a deadly weapon. Respondent Lorie Davis ("the Director") filed her answer to Erickson's petition on July 6, 2017, as well as an extension of time to address the timeliness of Erickson's petition. ECF No. 12. The Court granted the Director an extension of time, up to and including August 9, 2017, to answer that issue. ECF No. 14. The Director files the instant response to assert Erickson's petition is barred from review because Erickson filed it after his AEDPA limitations period expired.

**SUPPORTING RECORDS**

A redacted copy of the relevant portion of mail logs for the TDCJ Stiles Unit, where Erickson is housed, are filed as Respondent's Exhibits ("RX") A (outgoing logs spanning the period of August 11 through 14, 2017) and B (outgoing logs spanning the period from May 25 through May 30, 2017)

## ERICKSON'S PETITION IS TIME-BARRED

AEDPA provides a one-year period for filing federal habeas corpus petitions by persons in custody pursuant to the judgment of a State court; this period runs from the latest of four scenarios enumerated within AEDPA. 28 U.S.C. § 2244(d)(1). Since Erickson attacks the proceedings associated with his plea of no contest, the one-year period of limitation ran from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. §2244(d)(1)(A). Applying this one-year limitation period to Erickson's petition shows that his claims are untimely and barred by the statute of limitations.

Under 28 U.S.C. § 2244(d)(1)(A), Erickson's conviction became final on July 15, 2015, the date of expiration of the thirty-day period during which Erickson could have filed a notice of appeal. 28 U.S.C. § 2244(d)(1)(A); Tex. R. App. Proc. R. 26.2(a)(1). Consequently, the last day to file a federal writ petition under the AEDPA one-year limitations period was on Friday, July 15, 2016, unless Erickson had a properly filed application for state post-conviction or other collateral review to toll the running of the limitations period. 28 U.S.C. § 2244(d)(2); see *Fields v. Johnson*, 159 F.3d 914, 916 (5th Cir. 1998).

In this case, Erickson's first state writs challenging his convictions in cause numbers 2015CR3805 and 2015CR3807 were dismissed by the Texas Court of Criminal Appeals because Erickson's convictions were not final. ECF No. 13, Attach. 13: "SHCR-01 Writ Received" at 20 (filed July 24, 2015); *id.*, Attach. 15: "SHCR-02 Writ Received" at 20 (same); *id.*, Attach. 10: "SHCR-01 Action Taken sheet" (dismissed Oct. 28, 2015) (citing *Ex parte Johnson*, 12

2

S.W.3d 472 (Tex. Crim. App. 2000)); *id.*, Attach. 14: "SHCR-02 Action Taken sheet" (same). Accordingly, Erickson's first set of state habeas applications did not toll the statute of limitations. 28 U.S.C. § 2244(d)(1)(A) (2015); *see also Larry v. Dretke*, 361 F.3d 890, 894, 893 (5th Cir. 2004) (Texas Court of Criminal Appeals does not have jurisdiction to consider state writ until the judgment for which relief is sought is final; for tolling purposes a state writ is not "properly filed" if the state court applies a procedural bar without ever having to consider the merits).

Erickson's next state writs challenging his plea and convictions reflect he swore before a notary on May 26, 2016, that his applications were truthful. ECF No. 13, Attach. 17 at 19; *id.*, Attach. 20 at 19. His applications, however, were file-stamped by the District Clerk for Bexar County on August 15, 2016, nearly three months later. *Id.*, Attach. 17 at 4; *id.*, Attach. 20 at 4. Mail logs from Erickson's custodial TDCJ unit support Erickson's date of filing in August 2016—specifically, August 12, 2016. *Compare* RX A at 5 ("Addressee Name and Address: Bexar County Dist. Clerk," "Date Received in Mailroom: 8/12/16"), *with* RX B at 6 ("Addressee Name and Address: Bexar Co. App. Pub. Def. Off.," "Date Received in Mailroom: 5/27/16"). Erickson's mailing to the Bexar County District Clerk's Office is the only filing date for the purposes of calculating Erickson's AEDPA limitations period because a state writ application must be filed with "the clerk of the court in which the conviction being challenged was obtained." Tex. Code Crim. P. art. 11.07, § 3(b) (West 2016).

Because Erickson failed to file his state habeas applications before his AEDPA limitations period expired—July 15, 2016—no tolling is afforded to his limitations period for the time his second set of state habeas applications were pending. *See* 28 U.S.C. § 2244(d)(2); *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (stating that where a state habeas application is not filed until after the federal limitation period had expired, under §2244(d)(2), the filing does not toll the limitation period).

In sum, Erickson exceeded the Fifth Circuit Court of Appeals' "reasonable period" by more than 8 months (243 days) when he filed his federal petition on March 15, 2017, and his claims are time barred. Fed. Writ Pet. at 10.

Furthermore, Erickson does not demonstrate he is entitled to equitable tolling. The Supreme Court has held "that a 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (citing *Pace v. DiGugleiemo*, 544 U.S. 408, 418 (2005) (emphasis deleted)). Here, Erickson fails to meet the burden he bears to demonstrate that he is entitled to equitable tolling. *Id.*; *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000).

Firstly, there is no evidence that the State actively misled Erickson or impeded his filing in any way; no constitutional right that is newly recognized and made retroactively applicable to cases on collateral review; nor a different factual predicate for the basis of his claims, which could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(B)–(D). The Fifth

4

Circuit has expressly held that proceeding pro se, illiteracy, deafness, lack of legal training, unfamiliarity with the legal process, and claims of actual innocence are insufficient reasons to equitably toll the statute of limitations. *Felder v. Johnson*, 204 F.3d 168, 170–73 (5th Cir. 2000). Here, Erickson fails to present any facts that would demonstrate sufficient "rare and exceptional circumstances" that warrant application of the equitable tolling doctrine, or which prevented the timely filing of the petition.

Moreover, Erickson fails to demonstrate that he acted with the requisite diligence to receive equitable tolling. Erickson waited seven months after the CCA dismissed his first set of state habeas applications before he filed his second set of state habeas applications. Waiting to pursue one's claims is not sufficient to excuse a petitioner from the requirement to assert his claims in a timely manner. *Fisher v. Johnson,* 174 F.3d 710, 715 & n. 14 (5th Cir. 1999) (equitable tolling is not for those who "sleep on their rights"). Nor are any of the claims raised by Erickson based upon any new facts or evidence that Erickson did not have at his disposal when he was convicted.

Because no extraordinary circumstances are presented here to excuse Erickson's belated filing, nor has Erickson demonstrated the requisite diligence, his petition should be dismissed with prejudice.

## CONCLUSION

For the foregoing reasons, the Director respectfully requests that Erickson's petition for writ of habeas corpus be dismissed with prejudice as time-barred, and that this Court deny a certificate of appealability.

Respectfully submitted,

KEN PAXTON
Attorney General of Texas

JEFFREY C. MATEER
First Assistant Attorney General

ADRIENNE McFARLAND
Deputy Attorney General
for Criminal Justice

EDWARD L. MARSHALL
Assistant Attorney General
Chief, Criminal Appeals Division

 s/ Cara Hanna
CARA HANNA*
*Attorney in Charge           Assistant Attorney General
State Bar No. 24055622

P.O. Box 12548, Capitol Station
Austin, Texas 78711
Phone | (512) 936-1400
Facsimile | (512) 320-8132
cara.hanna@oag.texas.gov

ATTORNEYS FOR RESPONDENT

## CERTIFICATE OF SERVICE

I do hereby certify that a true and correct copy of the instant pleading will be served by placing it in the United States Mail, postage prepaid, on August 8, 2017, addressed to:

Benjamin Erickson
TDCJ No. 2003867
Mark W. Stiles Unit
3060 FM 3514
Beaumont, TX 77705

                                          /s/ Cara Hanna
                                          CARA HANNA
                                          Assistant Attorney General