UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| BENJAMIN ERICKSON, §<br>TDCJ No. 2003867, §<br>§<br>Petitioner, §<br>§<br>v. §<br>§<br>LORIE DAVIS, Director, §<br>Texas Department of Criminal Justice, §<br>Correctional Institutions Division, §<br>§<br>Respondent. § | Civil No. SA-17-CA-227-OLG |

## MEMORANDUM OPINION AND ORDER

Before the Court are Petitioner Benjamin Erickson's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Docket Entry "DE" 1), Respondent's Answer (DE 12) and Supplemental Response (DE 15), and Petitioner's Response (DE 20) thereto. Petitioner challenges the constitutionality of his underlying guilty plea and conviction for two counts of aggravated assault, arguing (1) he received ineffective assistance of counsel prior to pleading guilty due to counsel's failure to investigate or consult with him; (2) he received ineffective assistance of counsel because counsel had a conflict of interest; (3) his guilty plea was involuntary because it was a result of pressure from trial counsel and his suffering from post-traumatic stress disorder (PTSD); and (4) despite suffering from PTSD, no determination was made concerning his competency to stand trial. In her Supplemental Response, Respondent Davis contends Erickson's petition should be dismissed with prejudice as time-barred. For the reasons set forth below, Petitioner's federal habeas corpus petition is indeed untimely and is dismissed with prejudice as barred by the one-year statute of limitations embodied in 28 U.S.C. § 2244(d)(1). Petitioner is also denied a certificate of appealability.

## Background

In April 2015, Petitioner was indicted in Bexar County, Texas, on two counts of aggravated assault with a deadly weapon against his children. Petitioner pleaded nolo contendere and was sentenced to six years' imprisonment in each cause pursuant to the terms of the plea bargain agreement. *State v. Erickson*, Nos. 2015-CR-3805, 2015-CR-3807 (379th Dist. Ct., Bexar Cnty., Tex. June 4, 2015). Because he waived his right to appeal, the Fourth Court of Appeals dismissed Petitioner's appeals in July 2015. *Erickson v. State*, Nos. 04-15-387-CR, 04-15-388-CR, 2015 WL 4638063 (Tex. App.—San Antonio, July 15, 2015, no pet.). Petitioner did not file a petition for discretionary review (PDR) with the Texas Court of Criminal Appeals.

Instead, on July 24, 2015, Petitioner filed two state habeas corpus applications challenging the constitutionality of his state court convictions and sentences. *Ex parte Erickson*, Nos. 83,963-01, -02 (Tex. Crim. App.). The Texas Court of Criminal Appeals dismissed these applications on October 28, 2015, because Petitioner's convictions were not yet final when the applications were filed in the trial court. DE 13-10, 13-14. Petitioner then filed two more state habeas corpus applications challenging his convictions on August 12, 2016,[1] which were eventually denied by the Texas Court of Criminal Appeals without written order on March 8, 2017. *Ex parte Erickson*, Nos. 83,963-03, -04 (Tex. Crim. App.); DE 13-16, 13-18. The instant federal petition was then placed in the prison mail system on March 15, 2017. DE 1 at 10.

---

[1] Both of Petitioner's state applications were signed by Petitioner on May 20, 2016, and Petitioner swore before a notary that the applications were true on May 26, 2016. *See* DE 13-17 at 19-20; DE 13-20 at 19-20. However, the applications were not file-stamped by the District Clerk for Bexar County until August 15, 2016, almost three months later. *See* DE 13-17 at 4; DE 13-20 at 4. Respondent contends the applications should not be considered filed until August 12, 2016, because TDCJ mailroom logs indicate Petitioner mailed items on that date to the Bexar County District Clerk, while items mailed by Petitioner around May 26th were only addressed to the Public Defender's Office. Petitioner has not challenged this assertion despite being given the opportunity to do so in his Response. Because Texas law requires state habeas applications to be filed with "the clerk of the court in which the conviction being challenged was obtained," this Court agrees with Respondent that, for purposes of AEDPA's limitations period, Petitioner's third and fourth state habeas petitions should be deemed filed on August 12, 2016. *See* Tex. Code Crim. P. art 11.07, § 3(b); *Richards v. Thaler*, 710 F.3d 573, 578-79 (5th Cir. 2013) (holding that the pleadings of pro se inmates are deemed filed at the time they are delivered to prison authorities).

## Analysis

Respondent contends Erickson's federal petition is barred by the one-year limitation period of 28 U.S.C. § 2244(d). Under the AEDPA, a state prisoner has one year to file a federal petition for habeas corpus, starting, in this case, from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A); *Palacios v. Stephens*, 723 F.3d 600, 604 (5th Cir. 2013). Petitioner's conviction became final August 14, 2015, when his time for filing a PDR with the Texas Court of Criminal Appeals expired. See Tex. R. App. P. 68.2 (providing a PDR must be filed within thirty days following entry of the court of appeals' judgment); *Mark v. Thaler*, 646 F.3d 191, 193 (5th Cir. 2011) (holding that when a petitioner elects not to file a PDR, his conviction becomes final under AEDPA at the end of the 30–day period in which he could have filed the petition) (citation omitted). As a result, the limitations period under § 2244(d) for filing his federal habeas petition expired a year later on August 14, 2016, unless it is subject to either statutory or equitable tolling.

### A. Statutory Tolling

Petitioner does not satisfy any of the statutory tolling provisions found under § 2244(d)(1). There has been no showing of an impediment created by the state government that violated the Constitution or federal law and prevented petitioner from filing a timely petition. 28 U.S.C. § 2244(d)(1)(B). There has also been no showing of a newly recognized constitutional right upon which the petition is based, and there is no indication that the claims could not have been discovered earlier through the exercise of due diligence. 28 U.S.C. § 2244(d)(1)(C)-(D).

However, Petitioner does qualify for tolling under § 2244(d)(2), which provides that "[t]he time during which a properly filed application for State post-conviction or other collateral

3

review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." As discussed previously, Petitioner's third and fourth state habeas petitions were filed on August 12, 2016—just before the expiration of AEDPA's limitations period—and were denied on March 8, 2017. Accordingly, the state habeas applications tolled the limitations period for 209 days, making Petitioner's federal petition due on March 11, 2017. Because his § 2254 petition was not filed until March 15, 2017, his petition is barred by the one-year statute of limitations.

B. <u>Equitable Tolling</u>

The Supreme Court has made clear that a federal habeas corpus petitioner may avail himself of the doctrine of equitable tolling "only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1931 (2013); *Holland v. Florida*, 560 U.S. 631, 649 (2010). But equitable tolling is only available in cases presenting "rare and exceptional circumstances," *United States v. Riggs*, 314 F.3d 796, 799 (5th Cir. 2002), and is "not intended for those who sleep on their rights." *Manning v. Epps*, 688 F.3d 177, 183 (5th Cir. 2012). Here, Petitioner failed to assert *any* basis for excusing his failure to timely file his federal petition, much less assert specific facts showing that he was prevented, despite the exercise of due diligence on his part, from timely filing his federal habeas corpus petition in this Court. And the lack of representation, lack of legal training, ignorance of the law, and unfamiliarity with the legal process do not justify equitable tolling. *U.S. v. Petty*, 530 F. 3d 361, 365-66 (5th Cir. 2008); *see also Sutton v. Cain*, 722 F.3d 312, 316-17 (5th Cir. 2013) (a garden variety claim of excusable neglect does not warrant equitable tolling). His untimely federal petition is therefore barred by § 2244(d)(1).

## Conclusion

Based on the foregoing reasons, Petitioner's § 2254 petition (DE 1) is barred from federal habeas corpus relief by the statute of limitations set forth in 28 U.S.C. § 2244(d).

Accordingly, **IT IS HEREBY ORDERED** that:

1. Petitioner Benjamin Erickson's § 2254 petition (DE 1) is **DISMISSED WITH PREJUDICE** as time-barred;

2. Petitioner failed to make "a substantial showing of the denial of a federal right" and cannot make a substantial showing that this Court's procedural rulings are incorrect as required by Fed. R. App. P. 22 for a certificate of appealability. *See Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). Therefore, this Court **DENIES** petitioner a certificate of appealability. *See* Rule 11(a) of the Rules Governing § 2254 Proceedings; and

3. All other remaining motions, if any, are **DENIED**, and this case is now **CLOSED**.

It is so **ORDERED**.

**SIGNED** this the 6 day of December, 2017.

---
**ORLANDO L. GARCIA**
**Chief United States District Judge**